## HARRELL *v.* The Cleveland, Cincinnati, Chicago and St. Louis Railroad Company.

[No. 3,792.   Filed May 28, 1901.]

MASTER AND SERVANT.—*Injury by Employes after Day's Work is Done.*—*Railroads.*—Where a horse was struck by a hand-car at a highway and railroad crossing, the hand-car being operated by employes of the railroad company whose day's labor had ceased, and who were on their way to town on private business, there was no liability on the part of the railroad company to the owner of the horse.

From Benton Circuit Court; *S. P. Thompson,* Judge.

Action by Lindsey Harrell against the Cleveland, Cincinnati, Chicago & St. Louis Railway Company for injuries received at a crossing.   From a judgment for defendant, plaintiff appeals.   *Affirmed.*

*Daniel Fraser* and *Will Isham,* for appellant.
*John T. Dye* and *W. H. Dye,* for appellee.

HENLEY, J.—This was an action for damages commenced by appellant against appellee growing out of an accident which happened at a highway crossing in which it is claimed that a horse driven by appellant was struck by a hand-car owned and operated by appellee.   The sufficiency of the complaint is not questioned.   Answer by general denial.

At the close of appellant's evidence, appellee moved the court to instruct the jury to return a verdict for appellee. The motion was sustained and judgment rendered in favor of appellee over appellant's motion for a new trial.   It is contended by appellant that the court erred in directing the verdict.

More than one reason might be given why the action of the lower court should be sustained, but the most prominent defect as shown by the evidence in appellant's behalf is that it affirmatively appears from the evidence that the hand-car which is alleged to have struck appellant's horse was not at

the time of the accident in the service of appellee, nor were the persons upon said hand-car and operating it at that time servants of appellee, nor were they acting within the scope of their employment at said time, even if we consider them as appellee's servants. The persons operating the hand-car were placed upon the witness stand by appellant and testified that they were regularly employed by appellee, that their day's labors ceased at 6 o'clock in the evening, that this accident occurred after the day's labor had ceased, and that they had taken the hand-car and were going to town on their private business and for the purpose of buying some groceries when the accident happened at the crossing which resulted in appellant's injury. This evidence produced by appellant is in no way denied directly or by inference. Appellant wholly failed to make his case, and the court correctly instructed the jury to return a verdict for appellee.

Judgment affirmed.