## WELLS v. NORTHERN INDIANA PUBLIC SERVICE COMPANY, A CORPORATION.

[No. 16,783. Filed April 15, 1942.]

George Sands, of South Bend, for appellant.

McInerny & Huguenard, of South Bend, for appellee.

FLANAGAN, J.—Appellee, as a part of its business, furnished appellant's home with gas for fuel purposes. One Lawrence Moore was employed by it to read, at regular intervals, the gas meter located in the basement of appellant's home. Prior to July 11, 1939, Moore had read the meter several times and at such times had seen appellant's dog and developed a dislike for it. He had even argued with her that she should not keep the animal. However, it had never harmed him or manifested any intention of harming him.

On July 11, 1939, Moore went to appellant's home and was admitted to the kitchen through which he had to pass to go to the basement. Appellant asked him to wait until she brought the dog up from the basement, which he did. Appellant brought the dog up and Moore again argued with appellant that she should not keep the dog. At no time did the dog growl or bark or manifest any intention of harming Moore. Nevertheless, without provocation, Moore struck at the dog with a flashlight he was carrying. He missed the dog but accidentally struck appellant on the leg causing her injury.

Appellant brought this action against appellee charging that she was injured by the negligent act of its servant Moore in hitting her when striking at the dog. At the conclusion of her evidence the trial court directed the jury to return a verdict for the defendant. This action of the trial court is the alleged error presented

here, necessary procedural steps to present it having been taken.

The principal question for our determination is whether, at the time he struck at the dog and hit appellant, Moore was within the scope of his employment by appellee.

Appellant, by the evidence which she introduced, including her own testimony, makes it clear that when Moore struck at the dog he was not acting in self-defense, real or imagined, or in any manner engaged in his work of meter reading. The dog was not in his pathway to obstruct his progress to the basement. Appellant's evidence leaves no doubt that Moore was motivated solely by his dislike for the dog.

The applicable rule is thus stated at page 526, ■ Section 235, of *The Restatement of the Law of Agency:*

"An act of a servant is not within the scope of employment if it is done with no intention to perform it as a part of or incident to a service on account of which he is employed."

It is said on page 989 of 35 Am. Jur.:

"The general rule is that if an employee who is delegated to perform certain work for his employer steps or turns aside from his master's work or business to serve some purpose of his own, not connected with the employer's business, or, as it is often expressed, deviates or departs from his work to accomplish some purpose of his own not connected with his employment—goes on a 'frolic of his own'—the relation of master and servant is thereby temporarily suspended, and the master is not liable for his acts during the period of such suspension; he is then acting upon his own volition, obeying his own will, not as a servant, but as an independent person, even though he intends to and does return to his employer's business after he has accomplished the purpose of his detour from

duty. The test of the employer's liability for the act of an employee who departs from the employer's business for purposes of his own is whether he was engaged in his employer's business at the time of the accident, and not whether he purposed to resume it. The employee is, so long as he is engaged in affairs of his own or is pursuing some purpose unrelated to his master's business, acting as much outside the scope of his employment as he would be were his working day ended, or his task completed, and thus his employer is relieved from liability for the consequence of any tortious conduct committed by the employee during that period, however short it may be."

We think the only possible conclusion from the evidence is that Moore was not acting within the scope of his employment and the trial court correctly instructed the jury to return a verdict for appellee.

In view of the fact that the above conclusion requires an affirmance of the judgment in this case, no purpose will be served in considering other suggestions presented by appellee to avoid reversal.

Judgment affirmed.

NOTE.—Reported in 40 N. E. (2d) 1012.