STATE OF INDIANA v. STEVEN RAY GIBBS.

[No. 1-175A16. Filed November 3, 1975. Rehearing denied December 5, 1975. Transfer denied May 14, 1976.]

*Theodore L. Sendak,* Attorney General, *Walter F. Lockhart,* Deputy Attorney General, for appellant.

*Donald R. Ewers, Paul E. Wendel,* of Evansville, for appellee.

ROBERTSON, C.J.—The defendant-appellant, State, brings this appeal from a judgment awarding $100,000 damages for injuries suffered by the plaintiff-appellee, Gibbs, in an automobile collision with a State employee.

The issues upon appeal are whether the evidence was sufficient to establish that the State's employee was acting within the scope of his employment at the time of the accident and whether Gibbs' Instruction Number 4 was properly given by the trial court.

For reasons expressed herein the judgment is affirmed.

Ralph Coe was employed by the Indiana State Highway Commission as an inspector of waste water treatment tests conducted at interstate highway rest parks near Henryville and Batesville, Indiana. Since the job involved considerable driving between the parks, approximately two-hundred miles a day, the State furnished Coe with a state-owned, 1970 Chevrolet autmobile. The car was checked out to Coe at all times. He was allowed to drive it home after work and to lunch during the work day, but was not allowed to use it for other personal business. Coe generally began work around 7:30 A.M. and finished around 5:00 P.M., but he considered himself on call twenty-four hours a day.

On May 19, 1972, Coe was performing chemical analyses of the disposal system at Henryville. He finished the tests at 5:00 P.M. and drove to the office in Seymour to see his supervisor. Upon arriving, Coe did not find his supervisor, but he remained in the office long enough to read the notes left on his desk during the day. Coe checked several of the restaurants in Seymour where his supervisor could sometimes be found after working hours, but was not successful in locating him.

Around 7:00 P.M. Coe left Seymour and drove towards Brownstown where he intended to eat his evening meal and have a few drinks before proceeding to his home located west of town. The accident from which this case arose occurred around 10:00 P.M. of that evening on Highway 50 between Brownstown and Coe's home. Coe's state-owned car crossed the center line and struck a vehicle being driven by Gibbs who was on his way to National Guard duties at Camp Atterbury. Gibbs suffered serious injuries and his foot was later amputated as a result of the collision.

Gibbs filed his complaint for personal injuries and property damage on September 14, 1972, naming Ralph Coe and the State of Indiana as defendants. An answer was filed denying the allegations of the complaint. Gibbs later filed an amended complaint for personal injuries and dismissed the cause of action against Coe. On July 16, 1974, Gibbs filed a second amended complaint against the State. The State admitted the paragraphs of the complaint which alleged that Gibbs' injuries were the proximate result of a State employee's (Coe's) negligent operation of a State-owned vehicle but specifically denied the allegation that Coe was acting within the scope of his employment at the time of the collision. The case was tried upon that issue.

Trial to the jury commenced on September 3, 1974, and a verdict was returned against the State in the amount of $100,000 with judgment entered accordingly. The State brings this appeal.

On appeal, the State contends that the evidence was not sufficient to support the judgment in that no evidence was presented to establish that Coe was acting within the scope of his employment at the time of the accident. The State argues that the evidence shows only that Coe was acting entirely in his own behalf by driving home after completing his duties.

Generally, the master is liable for the physical torts of

his servant committed while acting within the scope of the servant's employment under the rule of law referred to as a respondeat superior. *Great American Tea Co.* v. *Van Buren* (1941), 218 Ind. 462, 35 N.E.2d 580; *Annis* v. *Postal Telegraph Co.* (1944), 114 Ind. App. 543, 52 N.E.2d 373.

Whether an employee is acting within the scope of his employment at the time of an accident is a question of fact to be determined in light of the evidence of each particular case. *Reinhart* v. *Ideal Pure Milk Co., Inc.* (1963), 135 Ind. App. 338, 193 N.E.2d 655.

The facts need not show that the acts of the servant were motivated solely or predominately by the desire to serve the master. Cases have held a servant to have been within the scope of his employment where his conduct was motivated to any appreciable extent by the purpose to serve the master. *Gibbs* v. *Miller* (1972), 152 Ind. App. 326, 283 N.E.2d 592; *Great American Tea Co., supra.*

In reviewing the sufficiency of the evidence in support of a judgment, this court does not weigh the evidence but considers only that evidence most favorable to the appellee together with all logical inferences deducible therefrom to determine if the judgment is supported by substantial evidence of probative value. *Harris Builders, Inc.* v. *Kopp* (1974), 160 Ind. App. 354, 311 N.E.2d 841; *First Equity Security Life Ins. Co.* v. *Keith* (1975), 164 Ind. App. 412, 329 N.E.2d 45.

The evidence in the present case shows that at the time of the collision, Coe was a State employee driving a State-owned car which was checked out in his name at all times. There was evidence from which the trier of fact could find or infer that it was essential that Coe have the use of the car since his duties entailed considerable driv-

ing and he was on call 24 hours a day; Coe was allowed to drive the car home after completing his duties which allowed him to return directly to his job the next working day; the collision occurred while Coe was driving upon his customary and the most direct route to his home on that particular evening; and shortly before the accident, Coe had used the car in an attempt to locate his supervisor.

None of these facts standing alone is sufficient to support the judgment. However, after considering all of the evidence most favorable to Gibbs and the reasonable inferences to be drawn therefrom, we are unable to say as a matter of law that the judgment is erroneous. There was sufficient evidence from which the jury could have found that at the time of the accident Gibbs was acting within the scope of his employment.

The State's second contention is that the court erred in giving Gibbs' Instruction Number 4 which reads as follows:

"So, in this case, if the jury finds from a preponderance of all the evidence in the cause, that Ralph Coe was on the 19th day of May, 1972, the servant of the defendant State of Indiana, that by operating a motor vehicle furnished him by the State of Indiana was engaged in accomplishing an end which was within the scope of his employment and that the means adopted by Mr. Coe for that purpose were reasonably intended and directed to that end, then you as the jury would be warranted in finding that at the time of the collision of May 19, 1972, Mr. Coe was the servant of the State of Indiana, and as such was acting within the scope of his employment.

An act may be within the scope of the servant's employment even though in performing it the servant may be accomplishing something for his own benefit as well as for the benefit of his master.

Likewise a servant may be acting in the scope of his employment, although the act done is at a time or place that is different from the usual time or place where acts within the scope of his employment are ordinarily performed.

The test as to whether a particular act is within the scope of a servant's employment is this, was the end which the servant was engaged in accomplishing within the scope of his employment, and were the means adopted by him reasonably intended and directed to that end? If so, the servant may be said to be acting within the scope of his employment.

Whether or not Ralph Coe was acting as the servant of the defendant State of Indiana, and whether he was acting within the scope of his employment, as such, at the time of the accident complained of, and which resulted in plaintiff's alleged injuries, is for the jury to determine from a preponderance of all the evidence and from the law, as given to you in these instructions."

The State argues that the instruction fails to specify that "place" as well as "time" is important in determining whether a servant's acts fall within the scope of his employment. However, the third paragraph does in fact instruct the jury to consider the time and place of the servant's acts in making a determination. The instruction is a correct statement of Indana law. *Vincennes Packing Corp.* v. *Trosper* (1938), 108 Ind. App. 7, 23 N.E.2d 624.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 336 N.E.2d 703.