**CITY OF CRAWFORDSVILLE,**
Indiana, Defendant-Appellant,

v.

**Bonnie MICHAEL, Plaintiff-Appellee.**

No. 1–784A188.

Court of Appeals of Indiana,
First District.

June 19, 1985.

James R. Earnshaw, Harding & Henthorn, P.C., Crawfordsville, for defendant-appellant.

Dean E. Richards, Richards Caress Vargo Light & Brown, Indianapolis, for plaintiff-appellee.

RATLIFF, Presiding Judge.

## STATEMENT OF THE CASE

The City of Crawfordsville (City) appeals a judgment entered on a verdict rendered in favor of Bonnie Michael for property damage and personal injuries she sustained arising out of an automobile collision. We reverse.

## FACTS

On February 5, 1978, Michael sustained serious bodily injuries when the car she was driving collided head-on with a city-owned truck being driven by Alamander Rudell Adams. Adams was a city employ-

ee and worked at a nearby landfill. However, on the day in question, a Sunday, the landfill was closed and Adams was using the truck for his own personal business. The evidence is in conflict as to whether or not Adams had permission to use the truck for non-work-related purposes. However, Adams clearly had permission to use the vehicle to travel to and from the landfill.[1]

In her original complaint against the city, Michael sought recovery of damages on a theory of *respondeat superior*. In 1983 Michael moved to amend her complaint alleging that the city was negligent in hiring Adams and/or in entrusting him with a city vehicle. The city objected to the amendment on the grounds that it would be prejudiced thereby and that the statute of limitations barred litigation of the city's alleged negligence. The trial judge allowed the amendment.

After Michael had presented her case-in-chief at trial, the city moved for judgment on the evidence. The motion was denied and because the city put on no evidence the case went to the jury. The jury was instructed on all three theories; *respondeat superior*, negligent hiring, and negligent entrustment. The jury returned a verdict of $400,000 in favor of Michael which was later reduced to $300,000.[2] The city appeals.

## ISSUES

Due to our reversal of the judgment we need only address two issues which, restated, are as follows:

1. Did the trial court err by not granting the city's motion for judgment on the evidence?

2. Does the statute of limitations bar litigation of the allegations in the amended complaint?

## DISCUSSION AND DECISION

### Issue One

The purpose of a motion pursuant to Indiana Rules of Procedure, Trial Rule 50(A)(1) is to test the sufficiency of the evidence. *Terre Haute First National Bank v. Stewart* (1983), Ind.App., 455 N.E.2d 362, 366, *trans. denied.* "Where ... the issues ... tried ... are not supported by sufficient evidence or a verdict thereon is clearly erroneous as contrary to the evidence because the evidence is insufficient to support it, the court shall withdraw such issues from the jury and enter judgment thereon ..." Trial Rule 50(A)(1). In making our determination we look only to the evidence most favorable to the non-moving party. If there is any evidence of probative value or inferences therefrom supporting the plaintiff's claim, judgment on the evidence is improper. *Plan-Tec, Inc. v. Wiggins* (1983), Ind.App., 443 N.E.2d 1212, 1223; *Dibortolo v. Metropolitan School District of Washington* (1982), Ind.App., 440 N.E.2d 506, 508. Only where the evidence is without conflict and leads to a conclusion favoring the moving party should such a motion be granted. *Dibortolo.* In other words, a T.R. 50(A) motion should have been granted only if the city was entitled to judgment as a matter of law.

The city argues there was a total failure of proof on an essential element of the theory of *respondeat superior*. Before an employer can be held liable for the torts of his employee, it must be shown that the tortfeasor was acting within the scope of his employment.[3] *Trinity Lu-*

---

**1.** The city's insurer, Indiana Insurance, obtained a declaratory judgment finding it not liable under the city's policy. On review we determined the evidence most favorable to the judgment supported a finding that Adams did not have permission to use the truck on the day of the collision and therefore affirmed the judgment in favor of Indiana Insurance. *Michael v. Indiana Insurance Co.* (1984), Ind.App., 469 N.E.2d 1222.

**2.** Indiana Code section 34-4-16.5-4 limits the liability of a governmental entity to $300,000.

**3.** The Tort Claims Act provides that a governmental entity is liable for losses caused by public officials if the tortfeasor acted within the scope of his employment. Indiana Code section 34-4-16.5-5(b).

*theran Church, Inc. v. Miller* (1983), Ind. App., 451 N.E.2d 1099, 1102, *trans. denied; Gibbs v. Miller* (1972), 152 Ind.App. 326, 283 N.E.2d 592, *trans. denied.* An employer is not liable for an independent tort committed by his employee where the act is done on the employee's own initiative and is not in the service of the employer. 12 I.L.E. *Employment* § 232 (1959). We believe the uncontradicted evidence fails to reveal how Adams's actions the day of the collision could be even remotely interpreted as within the scope of his employment.

The only evidence relevant to scope of employment shows Adams was on personal business the day of the collision. Adams testified that at the time of the collision he was using the truck to go to Darlington to check on a car he had recently purchased. He stated that this was in no way connected with his job at the landfill. The collision occurred on a Sunday. The landfill was closed for the weekend on Saturday, February 4, 1978, at noon and would not reopen until Monday, February 6. Michael argues the facts of this case are similar to those in *State v. Gibbs* (1975), 166 Ind.App. 387, 336 N.E.2d 703, *trans. denied,* where we held an employer liable for the acts of an employee which caused an automobile accident on his way home from work. We first note that *Gibbs* is an exception to the well-settled rule that an employee is not within the scope of his employment when travelling to or from work. *Biel, Inc. v. Kirsch* (1959), 240 Ind. 69, 73, 161 N.E.2d 617, 618; *Pursley v. Ford Motor Co.* (1984), Ind. App., 462 N.E.2d 247, *trans. denied; Pace v. Couture* (1971), 150 Ind.App. 220, 276 N.E.2d 213, *trans. denied; cf. Gibbs v. Miller,* 152 Ind.App. 326, 283 N.E.2d 592 (fact that salesman was going to lunch did not remove him from the scope of his employment in light of surrounding circumstances). As such, we are hesitant to apply it beyond its specific facts. Moreover, *Gibbs* is completely distinguishable since it is clear that at the time of the collision

Adams was not on his way home from the landfill. The record shows Adams left the landfill at noon on Saturday and arrived home without incident. In *Harrell v. Cleveland, C.C. & St. L. Ry. Co.* (1901), 27 Ind.App. 29, 60 N.E. 717, the plaintiff sued the railroad for losses sustained when a hand cart, operated by railroad employees collided with his horse. The court of appeals sustained a directed verdict for the defendant on the uncontradicted evidence that the employees had finished their day's work and were using the hand cart to go to town to buy groceries for themselves. In the present case, Adams's conduct, on the day of the collision, had absolutely no connection with his duties as a city employee. Nothing in the record supports a finding Adams acted within the scope of his employment. There being a total absence of evidence on an essential element of Michael's *respondeat superior* claim, the trial judge erred by not granting judgment on the evidence. *Terre Haute First National Bank* at 366.

*Issue Two*

Michael's original complaint, filed in 1978 sought relief on the sole basis of *respondeat superior.* Since we have determined this theory must fail as a matter of law, we now consider the theories of negligent hiring and negligent entrustment contained in the amended complaint filed in 1983. Because these allegations were not made until five years after the collision, litigation of these issues is barred by the two year tort statute of limitations[4] unless the amendment relates back to the original complaint pursuant to Indiana Rules of Procedure, Trial Rule 15(C).

An amendment to a complaint will relate back if the claim asserted therein arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original complaint. *Parsley v. Waverly Concrete & Gravel Co.* (1981), Ind.App., 427 N.E.2d 1, *trans. denied.*

4. Indiana Code section 34–1–2–2.

However, T.R. 15(C) will not permit the relation back of an amendment which states an entirely new cause of action.[5] *Gibson v. Miami Valley Milk Producers, Inc.* (1973), 157 Ind.App. 218, 229, 299 N.E.2d 631, 638, *trans. denied.* "While the doctrine of relation back has its place, it is not to be used as a means of circumventing the statute of limitations to assert a claim otherwise barred." *Beta Alpha Shelter of Delta Tau Delta v. Strain* (1983), Ind.App., 446 N.E.2d 626, 631, n. 10, *trans. denied; accord* 51 Am.Jur.2d *Limitation of Actions* § 218 (1970). In *Beta* the original complaint was for negligent installation of a heating and cooling system. The plaintiff's motion to amend its complaint to include a claim of negligent design of the system was denied. On appeal we affirmed the denial indicating the negligent design allegation would not relate back because it was a new cause of action. *Beta* at 631. Similarly, the amended complaint in the present case seeks recovery based on an entirely new cause of action. In an action based on *respondeat superior* the tortious acts of an employee are vicariously imposed on the employer. *Cummings v. Hoosier Marine Properties, Inc.* (1977), 173 Ind.App. 372, 363 N.E.2d 1266, *trans. denied.* The negligence of the city was thus not put in issue by the original complaint. On the other hand, the cause of action for negligent hiring and negligent entrustment is premised directly on the city's negligence and is therefore an entirely new claim which will not relate back under Indiana law. Consequently, litigation of the allegations of the city's negligence is barred by the statute of limitation.

Judgment reversed.[6]

NEAL and ROBERTSON, JJ., concur.

**5.** Although we recognize the granting of a motion to amend is within the sound discretion of the trial court, whether or not the amendment relates back is a question of law.

**6.** We note appellant's brief was filed on January 9, 1985. The brief was in improper form because it exceeded the 50 page limit imposed as

of January 1, 1985, by Indiana Rules of Procedure, Appellate Rule 8.2(A)(4). In light of the recency of the amendment we have overlooked the violation. However, we caution counsel that such generosity is not required of this court.