Sham Yonna GULLETT b/n/f Johnnie GULLETT and Johnnie Gullett, Individually, Appellants–Plaintiffs Below,

v.

Cleveland SMITH and City of Gary, Indiana, Appellees–Defendants Below.

Twan STOKES, b/n/f Rosemary and William STOKES, and William and Rosemary Stokes, Individually, Appellants–Plaintiffs Below,

v.

Cleveland SMITH and City of Gary, Indiana, Appellees–Defendants Below.

No. 45A03–9308–CV–285.

Court of Appeals of Indiana, Third District.

June 29, 1994.

Transfer Denied Nov. 4, 1994.

Saul I. Ruman, Thomas A. Clements, David M. Hamacher, Ruman, Clements, Tobin & Holub, P.C., Hammond, for appellants.

Hamilton L. Carmouche, Gary, for appellees.

STATON, Presiding Judge.

Sham Yonna Gullett, Johnnie Gullett, Twan Stokes, Rosemary Stokes and William Stokes [1] appeal the trial court's order granting summary judgment in favor of the City of Gary ("City"). They raise four issues for our review; however, we conclude the following (restated) issue is dispositive: whether there is a genuine issue of material fact as to the City's liability under the doctrine of *respondeat superior.*

We reverse and remand.

Sham Yonna Gullett and Twan Stokes (hereinafter collectively referred to as "Gullett") suffered serious bodily injury when they were struck by a vehicle driven by Cleveland Smith ("Smith"). The vehicle that Smith was driving was owned by the City and was provided to Smith for use in his position as superintendent of the sanitation department. However, when the accident with Gullett occurred, Smith was on his way to work at his second job as a machinist at United States Steel.

As superintendent of the sanitation department, Smith was required to be avail-

---

1. Sham Yonna Gullett and Twan Stokes are minors whose parents brought this consolidated action both individually and as next friends.

able twenty-four hours a day so that he could respond to emergencies. Toward this end, the City provided Smith with a beeper and a hand radio that he was to carry with him at all times. Gullett filed suit against the City under the theory of *respondeat superior.* Later, the parties filed cross motions for summary judgment. After a hearing on these cross motions, the trial court found that Smith was not acting within the scope of his employment when the collision occurred and entered summary judgment in favor of the City.[2]

■ Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). The burden is on the moving party to prove there are no genuine issues of material fact, and he is entitled to judgment as a matter of law. Once the movant has sustained this burden, the opponent must respond by setting forth specific facts showing a genuine issue for trial; he may not simply rest on the allegations of his pleadings. *Stephenson v. Ledbetter* (1992), Ind., 596 N.E.2d 1369, 1371. At the time of filing the motion or response, a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion. T.R. 56(C).

■ When reviewing an entry of summary judgment, we stand in the shoes of the trial court. We do not weigh the evidence but will consider the facts in the light most favorable to the nonmoving party. *Collins v. Covenant Mut. Ins. Co.* (1992), Ind.App., 604 N.E.2d 1190, 1194. We may sustain a summary judgment upon any theory supported by the designated materials. T.R. 56(C).

■ Under the doctrine of *respondeat superior,* an employer is accountable for the wrongful acts of its employees when the employee is acting within the scope of his employment. *Perry v. Stitzer Buick, GMC, Inc.* (1992), Ind.App., 604 N.E.2d 613, 617. The question of whether an employee is acting within the scope of his employment is a question of fact to be determined in light of the evidence of a particular case. *Trinity Lutheran Church, Inc. v. Miller* (1983), Ind. App., 451 N.E.2d 1099, 1102, *trans. denied.*

Gullett cites *State v. Gibbs* (1975), Ind. App., 336 N.E.2d 703, *trans. denied,* in which this court held there was sufficient evidence to hold the State liable for the acts of an employee who caused an automobile accident. In *Gibbs,* the employee was an inspector of waste water treatment tests, a position that required considerable driving. The employee was furnished with a state-owned vehicle, which he was allowed to drive to and from home and lunch. He was not allowed to use it for other personal business. The employee had regular work hours of 7:30 a.m. to 5:00 p.m., but was on call twenty-four hours a day. On the day of the accident, the employee drove to Seymour to see his supervisor. When he could not locate the supervisor, the employee drove toward his own home near Brownstown, stopping along the way to eat his evening meal. The accident occurred between the restaurant and the employee's home.

In affirming the trial court's judgment against the State, this court held that the following evidence was sufficient to support the finding that the employee was acting within the scope of his employment at the time of the accident:

> [H]is duties entailed considerable driving and he was on call 24 hours a day; Coe was allowed to drive the car home after completing his duties which allowed him to return directly to his job the next working day; the collision occurred while Coe was driving upon his customary and the most direct route to his home on that particular evening; and shortly before the accident,

---

2. As noted by both parties in their briefs, it appears from the transcript of the summary judgment hearing that the trial court mistakenly believed the cross-motions for summary judgment precluded a finding of a genuine issue of material fact. It is well-settled that cross motions for summary judgment do not, by themselves, establish the absence of a genuine issue of material fact. *Hartford Ins. Co. v. Vernon Fire & Cas. Ins. Co.* (1985), Ind.App., 485 N.E.2d 902, 904, *trans. denied.* In moving for summary judgment, a party concedes there are no issues of fact only for purposes of his own motion. *Id.*

Coe had used the car in an attempt to locate his supervisor.

*Id.* at 705–06.

 Here, there was evidence that Smith was on call with the City twenty-four hours a day. He was allowed to use the city-owned vehicle for personal business, including driving it to his other job at United States Steel, so that he could respond to City emergencies. United States Steel accommodated his on-call status with the City by furnishing Smith with a driving pass and allowing him to be called away from his job five to six times a week. We believe these facts present a genuine issue of whether Smith was acting within the scope of his employment when he struck Gullett.[3]

The cases cited by the City are distinguishable from the instant cause because in those cases there was no evidence that the employee was on call twenty-four hours a day, or that the employer expected the employee to have the vehicle with him at all times so that it could be used to respond to emergencies. *See e.g., City of Crawfordsville v. Michael* (1985), Ind.App., 479 N.E.2d 102; *Biel, Inc. v. Kirsch* (1959), 240 Ind. 69, 161 N.E.2d 617. In addition, an accommodation had been made with Smith's second job employer, United States Steel, so that he could leave to answer emergencies.

Considering the facts most favorable to Gullett, along with all reasonable inferences therefrom, we conclude the trial court erred in granting the City's motion for summary judgment.

Reversed and remanded for further proceedings not inconsistent with this opinion.

HOFFMAN, J., concurs.

GARRARD, J., dissents and files separate opinion.

3. We recognize that our holding today is an exception to the general rule that an employee is not within the scope of his employment when traveling to and from work. *See City of Crawfordsville v. Michael* (1985), Ind.App., 479 N.E.2d 102.

GARRARD, Judge, dissenting.

I respectfully dissent. It is undisputed that at the time of the collision, Smith was on his way to work at his job at United States Steel. That he was given unlimited use of a city owned vehicle and was on twenty-four hour call by the city is not sufficient in my view to create a genuine issue for the fact finder to determine that he was acting in the service of the city at that point in time. *See Perry v. Stitzer Buick, GMC, Inc.* (1992) Ind.App., 604 N.E.2d 613, 617. I would affirm the summary judgment.