WARNER TRUCKING, INC.,
Appellant–Defendant,

and

Carolina Casualty Insurance Company,
Appellant–Plaintiff,

v.

Carl C. HALL, Jr. and Sheri Hall,
Appellees–Plaintiffs.

No. 20A03–9410–CV–398.

Court of Appeals of Indiana.

July 31, 1995.

Rehearing Denied Sept. 21, 1995.

Timothy W. Woods, Wendell G. Davis, Jr., Jones, Obenchain, Ford, Pankow, Lewis & Woods, South Bend, for appellants.

Robert W. Miller, Miller & Miller, Elkhart, for appellees.

## OPINION

HOFFMAN, Judge.

Appellants-defendants Warner Trucking, Inc. (Warner) and Carolina Casualty Insurance Company (Carolina) appeal from the denial of summary judgment in favor of Carl and Sherri Hall (Halls) in an action against an employer and employer insurer for the negligent acts of an employee. The designated facts relevant to this appeal are set forth below.

Warner was a vehicle hauling company. Warner had six white International semi-tractors and trailers for hauling. Warner was owned and operated on a daily basis by Lou Warner. Warner was insured by Carolina for liability incurred to the extent that Warner had to legally pay for bodily injury or property damage up to the limits of the insurance policy. Lou Warner was an insured for any covered truck. Anyone else was an insured under the policy if they were using a covered truck owned by Warner with Lou Warner's permission. The insurance policy contained all the agreements between Warner and Carolina concerning the insurance afforded.

As part of employee orientation, Lou Warner instructed the drivers that they were not allowed to drive after consuming any amount of alcohol. Lou Warner also informed the drivers that they were not to use the trucks for personal reasons without her permission. Before each trip, Lou Warner would give each driver an advance for gas, tolls, and expenses incurred during the trip.

Carl Manuel (Manuel) was employed by Warner as a truck driver. Manuel had an official set of keys to the truck assigned. Manuel was given an advance June 14, 1990, and was scheduled to go on a trip on June 15, 1990. At the close of business on June 14, 1990, a trailer was loaded and attached to the semi-tractor assigned to Manuel for the next day's haul.

After the close of business on June 14, 1990, Manuel attended a cookout with members of the Warner staff and their families. Manuel had a few beers and two shots of hard liquor. Later in the evening, Manuel and his wife began to argue on the porch of the house where the cookout was taking place. The Manuels left the cookout with their son in their personal vehicle, unbeknownst to Lou Warner. Manuel's wife drove to the Warner properties and left Manuel because he was going to sleep in the semi-tractor overnight. Manuel's wife took their son home and returned to Warner to spend the night with Manuel. When his wife returned, Manuel was gone with the semi-tractor but left the trailer on the property. Manuel's wife called Lou Warner from Warner offices and told her that Manuel had taken the truck. Lou Warner left the cookout to look for Manuel.

While driving the Warner semi-tractor, Manuel had a collision with another vehicle owned by the Halls and was taken to the hospital for the injuries he sustained. Lou Warner found out that there had been an accident and that the driver of a white International semi-tractor had been taken to the hospital. Lou Warner went to the hospital and located Manuel in the emergency room. Manuel could not recall anything after being on the porch arguing with his wife until he woke up in the hospital with a broken nose. When asked later by Lou Warner, Manuel did not recall what happened or why he was driving the truck.

The Halls filed a complaint against Warner and Carolina alleging *inter alia* negligence on the part of a Warner employee (Manuel) in operating a vehicle while acting within the scope of his employment, which was the actual and proximate cause of the damages they sustained. On February 2, 1993, Warner and Carolina filed separate motions for summary judgment. The cases were consolidated upon motion of the trial court. Both motions for summary judgment were denied on April 12, 1994. This appeal ensued.

On appeal Warner and Carolina raise one consolidated issue: whether the trial court erred in denying summary judgment in favor of the Halls.

The review of a ruling on summary judgment requires this Court to apply the

same standard used by the trial court. *Pierce v. Bank One–Franklin, NA* (1993), Ind.App., 618 N.E.2d 16, 18, *trans. denied.* Parties cannot rely without specificity on entire portions of the record, such as depositions; pleadings; answers to interrogatories; and admissions. *Rosi v. Business Furniture Corp.* (1993), Ind., 615 N.E.2d 431, 434 at fn. 2. It is only those portions of the record specifically designated to the trial court that comprise the record for review. *Pierce,* 618 N.E.2d at 18. Ind.Trial Rule 56(C) states:

> "At the time of filing the motion or response, a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion. A party opposing the motion shall also designate to the court each material issue of fact which that party asserts precludes entry of summary judgment and the evidence relevant thereto...."

The Halls raise various arguments concerning Warner and Carolina's attempts at designation. All parties in this proceeding attempted to designate entire portions of the record in their respective motions and responses. However, more detailed references to the record were provided in the accompanying memoranda. It is from this designated evidence that a review will be conducted.

■ Generally, the master is liable for the physical torts of his servant committed while acting within the scope of the servant's employment under the rule of law referred to as respondeat superior. *State v. Gibbs* (1975), 166 Ind.App. 387, 336 N.E.2d 703, 705, *trans. denied.* Whether an employee is acting within the scope of his employment at the time of an accident is a question of fact to be determined in light of the evidence of each particular case. *Id.*

In the instant case, Warner contends that Manuel was not acting within the scope of his employment and against the express rules prohibiting driving after consuming alcohol and using the vehicle for personal reasons without permission.

■ Summary judgment is not appropriate where material facts conflict or undisputed facts lead to conflicting inferences. However, where material facts which are dispositive of the issue are not in dispute, this Court must apply the law to the facts. *Fidelity Financial Services v. Sims* (1994), Ind. App., 630 N.E.2d 572, 574. On a summary judgment motion, the parties may not rest on their pleadings but must present testimony, affidavits, depositions and other proof admissible in evidence to establish that a genuine issue of material fact exists for trial. T.R. 56.

From the designated material admissible in evidence, there is nothing which indicates that while Manuel was driving the truck he was acting within the scope of his employment and for the benefit of Warner. The Halls contend that the information in Lou Warner's deposition which refers to what Manuel told her is admissible under Ind.Evidence Rule 802(d)(2)(D). A statement which falls under this rule is not considered hearsay and allows into evidence a statement made by an employee concerning a matter within the scope of his employment. Evid.R. 802(d)(2)(D). However, the rules of evidence are intertwined and statements that are admissible under one rule may be excluded by another. The statements made by Manuel are also subject to Ind.Evidence Rule 403, which excludes evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence."

■ After Manuel admitted to Lou Warner that he could not recall what happened or why he was driving the truck, any statements made by him concerning his actions were wholly speculation. Speculation has no indicia of reliability and is inadmissible because of its lack of probative value as evidence of a material fact in a case. *See Briggs v. Finley* (1994), Ind.App., 631 N.E.2d 959, 965 (citing *C & C Oil v. Dept. of State Revenue* (1991), Ind.Tax, 570 N.E.2d 1376, 1379, *trans. denied* ) (free flowing speculation cannot be construed as a fact which can shed doubt on the validity of other facts). Manuel's statements concerning the reasons for his actions are inadmissible. Therefore, no evi-

dence exists in this case on which a trier of fact could draw a reasonable inference that Manuel was acting within the scope of his employment when he took and drove the Warner truck that was involved in the collision with the Halls. Consequently, Warner may not be held liable for the acts of Manuel under the doctrine of respondeat superior.

 Although the doctrine of respondeat superior does not apply in this case, Warner and Carolina may still be liable for Manuel's actions if he was acting with the permission of Warner to use its truck for personal reasons. The omnibus clause within Warner's insurance policy with Carolina states in pertinent part:

"D. WHO IS INSURED.

1. You (Warner) are an insured for any covered truck.

2. Anyone else is an insured while using with your (Warner) permission a covered truck you own[.] ..."

Permission can be actual or implied depending upon the past dealings of the parties. *Manor v. Statesman Ins. Co.* (1993), Ind. App., 612 N.E.2d 1109, 1113, *trans. denied.* Indiana follows the "liberal rule" in interpreting the scope of coverage for permissive use under an insurance policy omnibus clause. *Id.* The liberal rule provides that the initial permission encompasses any use by the employee even though the use was not contemplated by the employer when permission was first given. *Liberty Mut. Ins. Co. v. Metzler* (1992), Ind.App., 586 N.E.2d 897, 904, *trans. denied.* The liberal rule is subject to limitations and does not apply, for instance, where the driver is expressly prohibited from making personal use of the vehicle. *Id.* When an employer places express restrictions on the use of its vehicles by others, the determinative question becomes whether the driver's use of the vehicle was restricted in the first place, rather than whether the driver deviated from a use contemplated by the employer. *Manor*, 612 N.E.2d at 1113. When there is an express prohibition against certain actions by an employer, implied permission may not be found unless the employer acquiesced in an employee violation of company policy relaxing those restrictions. *Id.*

Lou Warner's deposition reveals that she had instructed all of their drivers, before June 14, 1990, that they were not to use the trucks for personal reasons without her permission and were also prohibited from using the trucks after consuming any amount of alcohol. The Halls have not presented any evidence which indicates that Warner had no such rules restricting the use of the trucks nor have they produced any evidence that shows that Lou Warner was remiss in her enforcement of these rules allowing an inference of implied consent to be drawn. Because there is no conflicting evidence on this issue, this Court must apply the law to the facts presented.

The facts indicate that Manuel was a driver for Warner trucks. Manuel had a set of keys to the truck assigned to him. As a part of driver orientation, Manuel was told that he could not use the trucks for personal reasons without Lou Warner's permission and that he could not use a Warner truck after consuming any amount of alcohol. In light of the express prohibitions on Manuel's use of Warner trucks, the determinative question in this case becomes whether Manuel's use was restricted in the first place. Without evidence showing that Lou Warner acquiesced and allowed her trucks to be used in violation of the restrictions, this Court can only conclude that Manuel's permissive use of Warner trucks was restricted and did not extend to Manuel's actions on June 14, 1990. Consequently, Warner and Carolina are not liable for the acts of Manuel or for damages to the Halls because there was no actual or implied permission on behalf of Warner. Since Warner has no legal obligation in this case, Carolina is also under no obligation to defend Manuel in the negligence case filed against him by the Halls.

The judgment of the trial court is reversed and remanded with instructions to enter summary judgment on behalf of Warner and Carolina.

SHARPNACK, C.J., and GARRARD, J., concur.