JOSEPH L. SWIFT and JUDITH C. SWIFT, appellants, v. DONALD E. WHITE, appellee.

No. 51342.

(Reported in 129 N. W.2d 748)

JULY 16, 1964.

Joseph B. Joyce of Stewart, Miller, Wimer, Brennan & Joyce, of Des Moines, for appellants.

Robert R. Rydell of Tesdell & Miller, of Des Moines, for appellee.

THORNTON, J.—Plaintiffs are husband and wife. The husband handled the transaction giving rise to this lawsuit and will be referred to as sole plaintiff. Plaintiff purchased a home in Des Moines from Mr. and Mrs. Graziano. Defendant was the real-estate broker with whom the Grazianos listed the property. In preparing an offer to buy for plaintiffs' signatures defendant filled in paragraph 1 to read, "1. All regular taxes on the property due and payable in 1961 are to be paid by *Seller.*"

The transaction started in the latter part of September, was apparently concluded in time for plaintiffs to take possession on October 1, 1961. The result of paragraph 1 above, as filled in, and paragraphs 2 and 3 immediately following in the offer was that the real-estate taxes for the year 1961 payable in 1962 became the obligation of plaintiffs.

Plaintiffs' action is to recover from defendant three fourths of the 1961 taxes payable in 1962. The trial court directed a verdict for defendant at the close of plaintiffs' testimony and plaintiffs appeal.

In their petition plaintiffs allege defendant acted as their agent as well as agent for the sellers in drawing the offer to buy, contrary to their express intent he filled in paragraph 1 as above stated, defendant exceeded his authority in so filling in paragraph 1 without their knowledge or consent and contrary to their express wishes and intent that the 1961 real-estate taxes, as is the usual custom, would be apportioned between seller and buyer according to the portion of the year the property was owned by each, their damages, and they had no knowledge of defendant's trick and deceit until February of 1962. A copy of the offer was attached.

■ ■ Plaintiff does not cite an authority directing our attention to the elements necessary for him to recover. If we assume defendant was plaintiff's ágent, his duty as a real-estate broker can be no more than a full, fair and prompt disclosure of all facts within his knowledge which are or may be material. Generally a fiduciary relationship exists between principal and

agent within the scope of the agency. Fowler v. Berry Seed Co., 248 Iowa 1158, 84 N.W.2d 412. However, with this assumption and the stated duty we must determine what would constitute a breach of the duty under the pleadings and facts before us. It comes down to this, was it defendant's duty to explain to plaintiff that the 1961 taxes due in 1962 were plaintiff's obligation, how the same would be treated for federal income tax purposes, and that it was the custom to apportion the same as of the date of possession? And, assuming this is true, would it not be necessary for plaintiff to first prove such was the custom in the locality? The answer, of course, is yes.

Because plaintiff was the only witness and his testimony is brief we set it out with minor deletions as it appears in the record.

"I am 29 years old. I live at 3203 S.E. 3rd Street, Des Moines, Iowa. I and my wife are plaintiffs. * * * I am vice-president of Joe A. Swift Company, Inc., a construction company. I have been with the company twelve (12) years. * * *

"Defendant was the real-estate broker for the property at 3203 S.E. 3rd for the sellers, Mr. and Mrs. Louis J. Graziano.

"I negotiated with Mr. White, the defendant, for the purchase of the property at 3203 S.E. 3rd. I offered to pay $21,000 for the real estate if the sellers removed two dead trees on the property, filled in the holes and sodded an area.

"Mr. White then prepared an Offer to Buy for me to sign. I noticed the purchase price stated of $21,000, the trees, holes and sod provisions and signed the Offer to Buy prepared by the defendant.

"The sellers signed and accepted the Offer to Buy, Exhibit A in this case. We learned early in 1962 * * * that we were liable for all the 1961 real-estate taxes due in 1962 on the property.

"The blanks in 1, in the Offer to Buy now showing *61* and *Seller* were filled in by Mr. White. I do not know whether or not those blanks were filled in when I signed the Offer to Buy. The real-estate taxes were never mentioned or discussed.

"Mr. Joyce: Are you acquainted with any custom in re-

gard to taxes on real-estate transactions between Buyer and Seller in this area? Mr. Swift: Yes.

"Mr. Joyce: What is that custom?

"Mr. Rydell: I object on the grounds that no foundation has been laid, and that the witness is not qualified, and has not been shown to be an expert, or to be familiar with any custom between Buyers and Sellers of real estate.

"The Court: If the witness has any knowledge, he can tell what.

"Mr. Swift: It is my understanding the usual custom is to apportion the real-estate taxes between Seller and Buyer according to the date of sale or possession.

"The entire real-estate taxes for 1962 were $538.80. I paid the entire $538.80.

"Mr. White did not leave me a copy of the Offer to Buy after I signed it.

"Cross-examination: My brother, Joe A. Swift, looked at the Offer to Buy before I signed it. Joe A. Swift, Mr. White and I were in my brother's office at the time of the signing. I read the Offer, but I don't remember if the blanks in Paragraph 1, in regard to the taxes were filled in or not at that time."

Plaintiff then asked the court to take judicial notice of U. S. Code, Title 26, section 164(d)(1) and rested. On defendant's motion the court then directed the verdict for defendant.

Defendant's admission of paragraph three of plaintiff's petition was sufficient to allow the admission of the offer to buy though the record does not indicate it was offered in evidence.

We think the proof offered as to the custom in regard to real-estate taxes between buyers and sellers in the area was insufficient to make a case. A witness to a custom must first show that he knows what the custom is and when required by objection, as here, his previous experience and means of knowledge. Gibson v. The Shelby County Fair Association, 246 Iowa 147, 153, 65 N.W.2d 433, 437. A proper objection was made in this case, "* * * has not been shown * * * to be familiar with any custom between Buyers and Sellers of real estate."

The only means of knowledge shown by plaintiff was

his age, 29 years, he was presently a vice-president of a construction company and that he was employed by the company for 12 years. He did not show he occupied a position to know the custom, or that he had in any other manner acquired any knowledge of the custom. All that is necessary is that he should have occupied such a position as to know of the existence of the custom as a fact. A comparison of the testimony in this case and in McCrady v. Sino, 254 Iowa 856, 860, 861, 118 N.W.2d 592, 594, and in Gibson v. The Shelby County Fair Association, 246 Iowa 147, 150-155, 65 N.W.2d 433, 435-438, demonstrates the insufficiency of the evidence here to make a case for the jury on the existence of the claimed custom. See also 32 C. J. S., Evidence, section 483, pages 139, 140, 141; and 55 Am. Jur., Usages and Customs, section 56, pages 316, 317.

Because of the nature of this case it was not error to allow the witness to answer. Plaintiff had pleaded the defendant acted contrary to plaintiff's express wishes and intent. Any knowledge possessed by plaintiff would tend to support this allegation. And plaintiff's answer was so directed. He said, "It is my understanding the usual custom is * * *."

 Nor does taking judicial notice of U. S. Code, Title 26, section 164(d)(1) help plaintiff. It provides:

"(d) Apportionment of taxes on real property between seller and purchaser.—

"(1) General rule.—For purposes of subsection (a), if real property is sold during any real property tax year, then—

"(A) so much of the real property tax as is properly allocable to that part of such year which ends on the day before the date of the sale shall be treated as a tax imposed on the seller, and

"(B) so much of such tax as is properly allocable to that part of such year which begins on the date of the sale shall be treated as a tax imposed on the purchaser."

The above is applicable to sales after December 31, 1953. U. S. C. A., Title 26(d)(2)(B).

This, of course, shows the basis and reason for such a custom, if it exists. And is a circumstance to be considered, but

alone or in conjunction with plaintiff's unsupported testimony, is not sufficient evidence of the custom as a fact.

Section 164(d)(1) above must be considered in the light of paragraph 1 of the offer to buy of which plaintiff complains and paragraphs 2 and 3 of the offer. They are as follows:

"1. All regular taxes on the property due and payable in *1961* are to be paid by *Seller*.

"2. The seller will pay all taxes and special assessments that become a lien upon said premises at the time of completion and/or delivery of warranty deed to purchasers of subject property.

"3. All subsequent taxes and special assessments are to be paid by the Buyer."

Plaintiff's testimony is clear the taxes were not discussed and he was in no way prevented from examining the offer. If the blanks were not filled in in paragraph 1, that fact coupled with paragraphs 2 and 3 of the offer would call plaintiff's attention to the fact the 1961 taxes due in 1962 would be his obligation, and if paragraph 1 was filled in he certainly knew it.

These paragraphs are in conformity with section 445.30, Code of Iowa, 1958, 1962, "As against a purchaser, such liens shall attach to real estate on and after the thirty-first day of December in each year." Though this section has been from time to time changed from section to section in the Code it has so provided since 1886. And unless otherwise provided by contract this section has been uniformly held to determine the liability for the taxes depending upon the date of performance. See Moore v. Central National Bank & Trust Co., 210 Iowa 1020, 229 N.W. 666, 232 N.W. 88, and citations.

Section 445.30, Code of Iowa, is as much evidence of custom as is section 164(d)(1) of Title 26 of the U. S. Code. Paragraphs 1, 2 and 3 of the offer were not inconsistent with section 445.30 and plainly state the liability for the payment of the taxes. Plaintiff had a full opportunity to examine the offer and did not give any directions or make any requests in this regard. The evidence being insufficient to establish the custom contended for, it follows defendant had no duty to plaintiff and the case must be affirmed.

So we will not be misunderstood, we do not hold there was sufficient evidence of agency to make a question of fact for the jury as to defendant being plaintiff's agent for the purpose of drawing the offer to buy in its entirety or as to the part in question. As to the entire offer or the part in question there was no manifestation of consent by plaintiff that defendant should act on plaintiff's behalf and subject to plaintiff's control nor consent by defendant to so act. "This is the test of agency." Brown v. Schmitz, 237 Iowa 418, 424, 428, 22 N.W.2d 340, 345. However, as to the part discussed, price, tree removal, filling holes and sodding the area, there was sufficient evidence of plaintiff's consent to defendant's so acting and defendant's consent to act as directed to make a jury question on agency for that limited purpose. That an agent of one person may become the agent of another with whom he is dealing for such a purpose, see Thayer v. Pacific Electric Railway Co., 55 Cal.2d 430, 11 Cal. Rptr. 560, 360 P.2d 56, 62. And that the duty of an agent acting gratuitously is the same as other agents, see Merrill v. Sax, 141 Iowa 386, 394, 118 N.W. 434.—Affirmed.

All JUSTICES concur except HAYS, J., not sitting.