TRINITY LUTHERAN CHURCH, INC. OF EVANSVILLE, INDIANA, Trinity Lutheran Guild of Trinity Lutheran Church, Inc. of Evansville, Indiana, Appellants (Defendants Below),

v.

Bernard N. MILLER, Appellee (Plaintiff Below).

No. 1–1282A359.

Court of Appeals of Indiana, First District.

July 27, 1983.

Robert H. Hahn, Bamberger, Foreman, Oswald & Hahn, Evansville, for appellants.

John G. Bunner, Robert John, Bunner, John, Heathcotte & Hamilton, Evansville, for appellee.

ROBERTSON, Presiding Judge.

Trinity Lutheran Church (Church) appeals the verdict rendered in favor of Bernard Miller (Miller). Miller initiated this action against the Church, the Ladies Guild of the Church (Guild), and William Goodman (Goodman) to recover for the injuries he sustained when Goodman's automobile struck his motorcycle.

We affirm.

The Guild has maintained a Christmas program for sick and infirm members of the congregation who are confined in hospitals or nursing homes. During the Christmas holidays, Guild members bake cookies, place them in baskets made of Christmas cards, and deliver the baskets to the shut-in members of the Church. On December 15, 1980, Goodman, accompanied by his wife Valeda, a Guild member, was driving his automobile while in the process of delivering cookies. He turned his vehicle into Miller's motorcycle. As a result of the accident, Miller's left leg was amputated above the knee.

The facts established the Guild prepared a list of shut-in members who were to receive cookies, designated which Guild members would deliver cookies to specified recipients, and checked to see whether the shut-ins actually received the cookies. The Guild picked the delivery date. Goodman had participated as a driver in the program for four or five years previously and the Guild knew Goodman would be driving his wife. Goodman testified his only purpose in driving on the day of the accident was to deliver the cookies, the Guild told him where to go, and he would have gone to any address which it had directed. He further testified "he was doing it for the Church-doing it for everyone", and that he would not have delivered the cookies if he had not been so instructed.

The Guild has maintained its Christmas program for approximately fifty years. The Church's annual report included a description of the Guild's cookie program. The parties stipulated the cookie bake and delivery were the work of the Guild. The Church conceded during oral argument that it was liable for the Guild.

Miller contends the Church is liable based upon the doctrine of respondeat superior. The following definitions will be helpful for this opinion:

(1) A master is a principal who employs an agent to perform service in his affairs and who controls or has the right to control the physical conduct of the other in the performance of the service.

(2) A servant is an agent employed by a master to perform service in his affairs whose physical conduct in the performance of the service is controlled or is

subject to the right of control by the master.

Restatement of Agency 2d, Vol. 1, § 2, p. 12.

The Restatement's definition has been recently employed in *Lafayette Bank and Trust Co. v. Price,* (1983) Ind.App., 440 N.E.2d 759, where it states:

Agency is the relationship which results from the manifestation of consent by the person to another that the other shall act on his behalf and subject to his control, and consent by the others so to act. Restatement of Agency, Vol. 1, § 1, p. 7.

440 N.E.2d at 761.

■ Generally, the doctrine of respondeat superior imposes liability upon a master for the torts of his servants committed while acting within the scope of the servant's employment. *State v. Gibbs,* (1975) 166 Ind.App. 387, 336 N.E.2d 703. This doctrine is further explained in *Gibbs v. Miller,* (1972) 152 Ind.App. 326, 283 N.E.2d 592 where it states:

The general test in determining the existence of a master-servant relationship is the right to direct and control the conduct of the alleged servant at the time the negligent act occurred. In Indiana the phrase 'right to control' is used not in a specific sense but in a general sense. It refers only to the *right* and not to the exercise of control over the servant. This is especially true where the work is such as to not demand a great deal of supervision. (Original emphasis, citations omitted.)

152 Ind.App. 329, 330, 283 N.E.2d 592. Furthermore, whether a servant is acting within the scope of his employment at the time of an accident is a question of fact to be determined in light of the evidence of each particular case. *State v. Gibbs, supra.*

■ The Church argues the evidence is insufficient to support the verdict. Our standard of review for sufficiency claims is well established. We will not reweigh the evidence nor judge the credibility of witnesses, but will examine that evidence most favorable to the appellee and the reasonable inferences to be drawn therefrom. The jury's verdict will be set aside only where there is a total lack of evidence or where it is contrary to uncontradicted evidence. *Sutton v. Roth, Wehrly, Heiny, Inc.,* (1981) Ind.App., 418 N.E.2d 229.

The Church argues the evidence is insufficient to support the verdict because there is no evidence that Goodman agreed to subject himself to the Guild's control. It alleges Miller is attempting to utilize the doctrine of respondeat superior based solely upon Goodman's membership in the Church.

■ The Church contends there is no direct evidence of an agreement between the Guild and Goodman. However, agency may arise by implication and be shown by circumstantial evidence. *Downham v. Wagner,* (1980) Ind.App., 408 N.E.2d 606. A master may have a gratuitous servant. Restatement of Agency 2d, Vol. 1, § 225, p. 497.[1] The duty of an agent acting gratuitously is the same as other agents. *Swift v. White,* (1964) 256 Iowa 1013, 129 N.W.2d 748.

■ Our examination of the evidence most favorable to Miller, coupled with all reasonable inferences to be drawn therefrom, leads to a conclusion that the evidence was sufficient for the jury to find Goodman subjected himself to the control of the Guild. Goodman drove at the invitation of a Guild member, he had participated as a driver previously, and the Guild's officers knew he would be driving. The Guild picked the delivery date, provided the cookies, organized the list of shut-in members who were to receive cookies, and chose the people to whom Goodman was to deliver cookies. Goodman testified the Guild told him where to go, his only purpose in driving was to deliver the cookies, he would have

---

1. This section provides:

One who volunteers services without an agreement for or expectation of reward may be a servant of one accepting such services.

The Church conceded that one may have a gratuitous agent during oral argument.

gone to any address which the Guild directed, and he would not have delivered the cookies if he had been so instructed. The test for determining a master servant relationship is whether one has the right to direct and control the conduct of the alleged servant at the time of the incident. *Gibbs v. Miller, supra.* The jury could have easily found from the evidence that the Guild had the right to direct and control Goodman at the time of the accident.

The facts establish that Goodman was acting within the scope of his employment when the accident occurred. The parties stipulated the cookie bake and delivery are the work of the Guild. Goodman testified his only purpose in driving was to deliver cookies. He was clearly within the scope of the Guild's activity when he struck Miller's motorcycle.

The Church argues that its liability is being imposed merely because of Goodman's membership in the Church and that all charitable institutions would be liable for the torts of its members. The doctrine of charitable immunity has been abolished in Indiana. *Harris v. YWCA of Terre Haute,* (1968) 250 Ind. 491, 237 N.E.2d 242. Liability is not being imposed because of Goodman's membership in the Church,[2] but because the Guild had the right of controlling him at the time of the accident. To hold otherwise would require us to ignore our standards of review.

The second issue is whether the trial court erred by giving Miller's instruction regarding the right to control. The instruction informed the jury that it may consider whether the master had the right to control the servant. The Church argues the instruction is erroneous because it gives the jury discretion to consider the right to con-

trol as merely a factor and not as an ultimate fact.

■ The trial court gave several instructions regarding the right to control. Instructions must be considered as a whole in determining whether the jury was fairly and properly instructed. *School City of Gary v. Claudio,* (1980) Ind.App., 413 N.E.2d 628. Miller's instruction, when read in conjunction with the other instructions, explains the holding of *Gibbs v. Miller, supra,* that the right of control is determinative of a master servant relation, and not merely the exercise of that control.

The Church also alleges the trial court erred by not giving three instructions it tendered to the trial court. One instruction explains that the Church did not have the right to control Goodman unless the jury found the Church had the right to punish Goodman. The second and third instructions describe independent contractors.

■ The trial court did not err in refusing the instruction regarding the right to control. In determining whether there is error in refusing an instruction, it must be determined whether the instruction correctly states the law, whether the substance of the tendered instruction is covered by other instructions, and whether the evidence supports the instructions. *Dahlberg v. Ogle,* (1978) 268 Ind. 30, 373 N.E.2d 159. Opinions may differ as to whether this instruction regarding the right to discipline is a correct statement of law.[3] In any event, there were many instructions explaining the right to control and the substance of the refused instruction was covered by other instructions.

The Church alleges the trial court erred by refusing the instructions on independent contractors. The Church points out that the question of agency is generally a ques-

---

2. We believe that the Church would be liable even if Goodman was not a member. It must be noted that the parties obfuscated this issue by dwelling upon the Church's bylaws. The Church is not liable because Goodman had a moral duty to participate in Church activities. Rather liability results from Goodman's negligence while acting within the scope of his activity with the Church.

3. In Indiana the right to control is used in a general sense and not in a specific sense. *Gibbs v. Miller, supra,* and we believe this term is broader than merely the right to penalize or punish. This is especially true with a gratuitous agent.

tion of fact, *State v. Gibbs, supra,* and argues the question of whether one is an independent contractor must also be a factual determination. Therefore, the Church alleges the trial court erred in refusing the instructions.

One of the two instructions is premised upon contract theory. There is no evidence regarding a contract in this case. One need not receive consideration to be agent. The other instruction is more of a general explanation. While we agree with the Church's argument that the determination of whether one is an independent contractor is generally a question of fact, the trial court properly refused the instructions because there is no evidence to support the giving of these instructions. The Church has not pointed to any evidence of record to support this instruction. It is not error to refuse instructions not supported by the evidence. *Dahlberg v. Ogle, supra.*

The final issue is whether the trial court erred in not granting the Church's motion for a mistrial because Miller established on cross-examination that the Church has insurance. There was no objection made nor was an admonishment requested. To predicate error on the admission of testimony, it is necessary that a timely and specific objection be made in the trial court. *Town of Schererville v. Vavrus,* (1979) Ind.App., 389 N.E.2d 346. This error has not been preserved.

The judgment is affirmed.

RATLIFF and NEAL, JJ., concur.