**Bobby Charles GALLOWAY, Appellant (Respondent Below),**

v.

**STATE of Indiana, Appellee (Petitioner Below).**

**No. 1–1084A270.**

Court of Appeals of Indiana, First District.

June 18, 1985.

Rehearing Denied July 16, 1985.

David G. Hatfield, Evansville, for appellant.

Robert J. Pigman, Evansville, for appellee.

ROBERTSON, Judge.

In August, 1980, the appellant-respondent Galloway was found not guilty by

reason of insanity after being tried for murder. At that time, the State filed for an emergency detention of Galloway and commenced proceedings for a regular civil mental commitment. The statutory scheme was followed resulting in a finding that Galloway was mentally ill, dangerous, and gravely disabled. Galloway was committed to the Department of Mental Health and has remained at Logansport State Hospital. The Vanderburgh Circuit Court, Honorable William H. Miller, Judge, retained jurisdiction over the case and held periodic reviews of the care and custody of Galloway and in each instance found that continued care, custody, and treatment of Galloway was called for.

In April, 1984, Galloway filed a petition in the Vanderburgh Circuit Court seeking a transfer of jurisdiction of his case to the Probate Division of the Vanderburgh Superior Court and to expunge the record of the court's commitment orders made subsequent to the original order made on September 5, 1980. In response to the petition, two orders were made. The first order by the circuit judge reads:

"The Court, having considered the defendant's petition for transfer to Superior Court, now grants said petition, and finds that the judge of the Vanderburgh Circuit Court, William H. Miller, should and shall be, in the proper exercise of the Court's discretion, authorized to sit as judge of the Vanderburgh Superior Court, Probate Division, with the permission of the regular judge of that Court, the Honorable Robert Lensing, in the same manner and stead as if he were a judge of the Vanderburgh Superior Court, Probate Division, with all the rights and powers, as if he were a duly elected judge of that Court.

A companion order was jointly issued by the Chief Judge of the Vanderburgh Superior Court and the judge of the Probate Division of that court which reads:

"The judge of the Vanderburgh Superior Court, Probate Division, Robert W. Lensing, now finds that the Honorable William H. Miller, the duly elected judge of

the Vanderburgh Circuit Court, is the most proper person to sit as Vanderburgh Superior Court judge in the above captioned cause, upon transfer of said cause to the Vanderburgh Superior Court. Wherefore, it is ordered, adjudged and decreed pursuant to I.C. 33–5–43–29, that the Honorable William H. Miller is hereby given the full permission of the Vanderburgh Superior Court, Probate Division, to sit as a judge of that Court in the above captioned cause upon its transfer to the Vanderburgh Superior Court, Probate Division."

The foregoing recital serves as the factual background for Galloway's first two issues which he states as being:

Is the decision and ruling of the Vanderburgh Circuit Court to assume jurisdiction of the commitment proceedings of Bobby C. Galloway to the Department of Mental Health as a special judge in the commitment proceedings and as a special judge of the Vanderburgh Superior Court contrary to law?

Is the decision and consent of the Chief Judge of the Vanderburgh Superior Court, the Honorable Thomas M. Swain, and the judge of the Vanderburgh Superior Court, Probate Division, the Honorable Robert W. Lensing, that the Honorable William H. Miller be given full permission of the Vanderburgh Superior Court to sit as a special judge of the commitment proceedings of Bobby C. Galloway contrary to law?

Prior to a discussion on the merits of these issues, two statutes, unique to Vanderburgh County, need mention:

There shall be and is hereby established a Superior Court in Vanderburgh County, Indiana, which Court shall consist of seven (7) judges who shall hold their office for six (6) years and until their successors shall have been elected and qualified. In addition to said seven (7) judges, the judge of the Vanderburgh Circuit Court may sit as a judge of said Vanderburgh Superior Court as hereinafter provided in this chapter. IND. CODE 33–5–43–1

Authority of Circuit judge to sit in Superior Court.—The judge of the Vanderburgh Circuit Court shall be, at his discretion, authorized to sit as a judge of this Court, with the Court's permission, in all matters pending before this Court, without limitation and without any further order, in the same manner and stead as if he were a judge of this Court with all the rights and powers as if he were a duly elected judge of this Court. IND. CODE 33–5–43–29

■ All involved in the appeal agree in some measure that mental commitment jurisdiction rests with the probate judge subsequent to the initial commitment resulting from a verdict of not responsible by reason of insanity. IND.CODE 35–5–2–5, IND. CODE 16–14–9.1–5.

Galloway's argument focuses upon what he characterizes as a conflict between I.C. 33–5–43–29, which allows the Vanderburgh Circuit Judge to sit as a Vanderburgh Superior Court Judge, and T.R. 79 which provides for the selection of special judges.

■ We are of the opinion that T.R. 79 is not applicable to Galloway's case. There has been no application for a special judge. Neither is the probate judge of the Vanderburgh Superior Court disqualified for any of the three reasons specified in T.R. 79(1).[1]

■ The procedure utilized in the companion orders assenting to, and conferring jurisdiction upon, the circuit judge and allowing him to sit as a judge of the Vanderburgh Superior Court, Probate Division, complies with the statute which authorizes the procedure.

Having found that T.R. 79 does not apply under the facts existing here, and that the transfer of jurisdiction is in compliance with the appropriate statutes, we are of the opinion that no error exists relating to the jurisdiction of Judge Miller. Galloway's argument on the transfer of judges rests upon the proposition of a conflict between the statute and the trial rules. Having found that under the facts of this case no such conflict exists, we conclude that Galloway's arguments cannot prevail.

■ Galloway also attacks the refusal of the trial court to expunge several orders which continued Galloway's commitment. It is Galloway's position that the trial court lacked jurisdiction to make these orders, however, our resolution of the prior two issues causes this issue to fail.

The next two related issues raised by Galloway are:

Is the continued confinement of Bobby C. Galloway in the Logansport State Hospital pursuant to the order of the Vanderburgh Circuit Court contrary to law? Is the continuing order of the Vanderburgh Circuit Court to the Department of Mental Health, the Logansport State Hospital, that Bobby C. Galloway be held until further order of the Court contrary to law?

Facts which have a bearing on these two issues are that Galloway's attending physician and treating physician at Logansport State Hospital, a Dr. Keating, has upon at least two occasions, made a report to the court as a part of the periodic review of the patient's status which states that Galloway does not meet the statutory requirement for a civil commitment.[2]

■ The record contains only a transcript of the last hearing on Galloway's status. Given the absolute fact that we will not weigh the evidence nor judge the credibility of the witnesses, *Trinity Lu-*

---

1. (1) Whenever the regular judge or presiding judge of any court or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such person
   (a) is a party to the proceeding or an officer, director or trustee of a party, or
   (b) is acting as a lawyer in the proceeding, or
   (c) is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding.

2. One example of these reports reads:
   "The patient is not dangerous to himself. The patient is not dangerous to others. The patient is not gravely disabled. Therefore, under the statutes of Indiana, he is not presently committable in my opinion...."

*theran Church, Inc. of Evansville v. Miller,* (1983) Ind.App., 451 N.E.2d 1099, we cannot say that the evidence clearly points to Galloway's release for there appears a serious question of his continuing on medication to remain without symptoms of his mental illness. However, sufficiency of the evidence is not the only question. Additionally, it is the procedure which Galloway wants scrutinized. Galloway argues that the procedure being followed in his case is beyond the scheme set forth in the statutes dealing with a continuing mental commitment. We agree that at this stage of the procedure Galloway's situation is controlled by IND.CODE 16–14–9.1–10 and we further observe that we find no irregularity on the part of the trial court in following that statute.

 Parenthetically, we would also observe that I.C. 16–14–9.1–10 would allow a change of judge in that the patient is entitled to the same rights at a hearing as set forth in I.C. 16–14–9.1–9(f).

As the final issue, Galloway urges error in allowing the Vanderburgh County Prosecutor to intervene in the hearings for the reason that there is no statutory authority for such intervention. We assume, in the absence of cited authority to the contrary, that the Prosecutor's intervention is reviewable for an abuse of discretion. We are of the opinion that since the Prosecutor had the initial responsibility for commencing the commitment proceedings that there was no abuse of discretion in allowing that office to continue representing the State in subsequent proceedings.

Judgment affirmed.

RATLIFF, P.J., and NEAL, J., concur.