---

**GUARANTY NATIONAL INSURANCE COMPANY, as parent of Landmark American Insurance Company, and Landmark American Insurance Company, a wholly-owned subsidiary, Appellants–Plaintiffs Below,**

v.

**DALLAS MOSER TRANSPORTERS, INC., Wayne Maggard, David G. Ensign, Sherry Lee Duran, as substitute administratrix/personal representative of the Estate of Alice Maggard, the Estate of William T. Holzman, Art G. Beauprecz, Union Automobile Indemnity Association, and Fairmont Homes, Inc., Appellees–Defendants Below.**

No. 43A04–9012–CV–591 [1].

Court of Appeals of Indiana, Third District.

July 29, 1992.

---

1. This case was diverted to this office by order of the Chief Judge.

See also 594 N.E.2d 454.

Robert J. Palmer, John J. Lorber, May, Oberfell & Lorber, South Bend, for appellants.

Floyd F. Cook, Kokomo, for appellee.

STATON, Judge.

Guaranty National Insurance Company ("Guaranty") appeals a grant of summary judgment in favor of David Ensign, presenting for our review the sole issue of whether summary judgment was properly granted.

We reverse.

Landmark American Insurance Company, a wholly-owned subsidiary of Guaranty, issued a "trucker's insurance policy" to Dallas Moser Transporters, Inc. ("Transporters"). Transporters was a common carrier engaged in the transportation of luxury vans from manufacturers to retailers. Transporters engaged individual drivers to deliver vans to specific destinations pursuant to "independent contractor agreements." Insurance coverage was provided for any vehicle in Transporters' care, custody and control while being used in connection with Transporters' business.

On February 9, 1990, Guaranty filed a "Complaint for Declaratory Judgment," requesting a declaration of non-coverage for any loss sustained as a result of a vehicular collision involving driver Wayne Maggard. The April 18, 1987 collision was the subject of an action filed in Elkhart Superior Court, *David Ensign, et al. v. Wayne Maggard, et al.* (Cause No. 20D03–8711–CP–188).[2] [On April 17, 1987, Maggard transported four vans to Piqua, Illinois, under Transporters' interstate commerce authority. On April 18, 1987, while operating his personal vehicle en route to Transporters' Nappanee, Indiana office, Maggard collided with a vehicle driven by Arthur Beauprecz. Ensign was a passenger in Maggard's vehicle.]

On June 25, 1990, Ensign moved for summary judgment. He contended that, pursuant to ICC regulations, Maggard was acting as the servant/agent of Transporters at the time of the accident, and that Transporters was therefore liable for Maggard's negligence as a matter of law.

On August 21, 1990, Ensign's motion for summary judgment was granted:

"The Court, having further taken under advisement the motion for summary judgment as filed by the Defendant, David G. Ensign, now finds that there is no genuine issue of fact and that the motion should be granted because the automobile being operated at the time of the underlying collision was a motor vehicle in the insured's care, custody and control and being used in connection with his driving business, since it was used to return drivers to their place of origin and in this case, to pick up other vehicles for transport and was under bill of lading since the act of the defendant, Wayne Maggard was so inextricably interwoven with the conduct of the business of the defendant, Dallas Moser Transporters, at the time and that the vehicle was under bill of lading; and for the further reason that the vehicle being driven by the defendant, William Maggard in the conduct of the business of the defendant, Dallas Moser Transporters, Inc., was operating [under] the Interstate Commerce Commission permit. IT IS, THEREFORE, CONSIDERED AND ORDERED that the motion for summary judgment be granted and that Guaranty Natl. Insurance is obligation [sic] to, not only defend, but also to provide indemnity for any judgment recovered as against Dallas Moser Transporters, Inc."

Record, p. 438.

A party who moves for summary judgment has the burden of establishing that there exists no genuine issue of material fact and that he is entitled to judgment as a matter of law. Ind.Trial Rule 56; *ITT Com. Finance v. Union Bank & Trust* (1988), Ind.App., 528 N.E.2d 1149, 1151. On appeal, we must determine whether the trial court correctly applied the law to the undisputed facts. *Shuamber v. Henderson* (1991), Ind., 579 N.E.2d 452, 454. Any doubt as to a fact, or an inference to be drawn, is resolved in favor of the nonmoving party. *Id.* Absent a genuine issue of material fact, this court will affirm a summary judgment based upon any legal theory supported by the record. *Hupp v. Hill* (1991), Ind.App., 576 N.E.2d 1320, 1323.

Here, the trial court found that Ensign established his entitlement to summary judgment on two bases: (1) Transporters' exercise of control over a vehicle used in Transporters' business and (2) ICC regulations.

---

2. Judgment was entered in Cause No. 20D03–8711–CP–188 on July 3, 1991. An appeal was perfected and this court affirmed the judgment. *Moser Transporters v. Ensign, et al.* (1992) Ind. App., 594 N.E.2d 454. Via a "Report of Proceedings" improperly offered pursuant to Ind. Appellate Rule 8.4(B), Ensign attempted to supplement the certified record filed in the instant appeal. In the "Report" and accompanying argument, Ensign alleged that the instant appeal is moot inasmuch as Guaranty: (1) defended Transporters in the liability action; (2) received an adverse jury verdict; and (3) caused a supersedeas bond to be issued, from which Ensign can seek payment of the judgment. This is not disclosed by the certified record of proceedings before this court in the instant action. We are, of course, constrained to review the record before us.

A principal who controls or has the right to control the physical conduct of his agent in the performance of a service is a master, upon whom liability for the torts of the agent may be imposed. *Trinity Lutheran Church, Inc. v. Miller* (1983), Ind.App., 451 N.E.2d 1099, 1101–2; *Bitzer v. Pradziad* (1991), Ind.App., 571 N.E.2d 593, 596, *trans. denied.* In contrast, the employer of an independent contractor—one who controls the method and details of his own task—is generally not liable for the torts of that contractor. *Hale v. Peabody Coal Company* (1976), 168 Ind.App. 336, 340, 343 N.E.2d 316, 320–21. However, this independent contractor—master/servant distinction has been eliminated for lease arrangements under ICC regulations. *Rediehs Exp., Inc. v. Maple* (1986), Ind.App., 491 N.E.2d 1006, 1011, *reh. denied, cert. denied* (1987), 480 U.S. 932, 107 S.Ct. 1571, 94 L.Ed.2d 762. Where the leased vehicle is involved in an accident during the term of the lease while carrying the ICC number of the common carrier with operating authority, the carrier is liable as a matter of law. *Id.*[3]

Our review of the record herein leads to the conclusion that Ensign failed to establish his entitlement to judgment as a matter of law under ICC regulations. Ensign has not shown that the subject collision occurred during the transportation of a permit-covered vehicle or during the operation of a vehicle leased to Transporters. The record herein discloses no indication that Maggard's 1972 Pinto automobile was leased to Transporters. Neither does the record disclose that Maggard's automobile was connected, at the time of the collision, to a vehicle covered by an ICC permit or that Maggard's automobile ever displayed Transporters' ICC number. Nevertheless, we have examined the record to determine whether the law applied to established facts supports the summary judgment on another theory.

The alternative basis of relief relied upon by the trial court—specified coverage of a vehicle "in the insured's care, custody or control while used in connection with his business"—required the resolution of a factual dispute. Ensign contended that Maggard was acting as the servant/agent of Transporters at the time of the collision; therefore, the means employed in furtherance of the master's business was subject to the master's control. Guaranty and Transporters contended that Maggard acted as an independent contractor whose duties terminated upon the delivery of vans; therefore, the means and methods he employed were outside Transporters' control. Whether one employed to perform a task acts as an independent contractor or a servant is generally a question of fact. *Trinity, supra*, at 1104. Moreover, whether a servant is engaged in the discharge of the master's business during the commission of a particular act is a question of fact. *Id.* at 1102.

Ensign failed to establish that there existed no genuine issue of material fact and that he was entitled to judgment as a matter of law. Therefore, the summary judgment in his favor was improperly granted.

Reversed.

BAKER and CHEZEM, JJ., concur.

---

**3.** The court explained the rationale underlying the imposition of vicarious liability as a matter of law:

"[T]he lessee, by entering into the lease arrangement and placing his identification upon the vehicle, has vested the owner-lessor with authority he does not otherwise possess to transport commodities in interstate commerce. That authority continues during the duration of the lease and until the identification is removed and possession is surrendered.... When the carrier, by lease, permits an unregulated truck and driver to be on the road wearing its livery, it makes it possible for the owner of that unregulated equipment and the driver thereof to do what he otherwise could not do. The ICC regulation, therefore, makes the carrier responsible for the lessor's conduct, which includes financial ability, insurance coverage, safety of equipment, and competence of drivers.... In short, the policy enunciated in the ICC regulations and the cases make the carrier totally responsible to the injured plaintiff as a matter of law for the negligence of the lessor and its drivers of a leased vehicle. The carrier must, at his peril, exert care in his leasing arrangements and avoid leasing from 'gypsies' or fly-by-night, irresponsible truckers." *Id.* at 1011–12.