**Shannon L. BELDING, Appellant–Plaintiff,**

v.

**TOWN OF NEW WHITELAND, Indiana, Appellee–Defendant.**

**and**

**Brian K. WHITEHEAD, Appellant–Plaintiff,**

v.

**TOWN OF NEW WHITELAND, Indiana, Appellee–Defendant.**

No. 41A01–9209–CV–296.

Court of Appeals of Indiana, First District.

April 26, 1993.

Rehearing Denied May 20, 1993.

---

Mark J. Dove, Rogers & Dove, North Vernon, for appellant-plaintiff.

Dale W. Eikenberry, Wooden, McLaughlin & Sterner, Indianapolis, for appellee-defendant.

BAKER, Judge.

Plaintiff-appellants Shannon L. Belding and Brian K. Whitehead appeal the summary judgment entered against them and in favor of defendant-appellee Town on Whiteland, Indiana. They contend the trial court erroneously concluded the Town of Whiteland was immune from suit under the Indiana Tort Claims Act.[1] We affirm.

### FACTS

At about 11:00 p.m. on September 28, 1990, Officers Howell and Bryant of the Whiteland Police Department observed Whitehead driving his car down U.S. 31 at what appeared to be an excessive speed. Officers Howell and Bryant activated their squad car's lights and siren and pursued the Whitehead car.

Whitehead, who was driving in the left-hand lane of the divided highway, noticed the pursuing police lights and pulled his car completely into a turnaround area in the median. Officer Bryant pulled in behind the Whitehead car and left about five feet between Whitehead's back bumper and the squad car's front bumper. A portion of the rear of the squad car extended into the travelled portion of the left-hand lane of the highway. Officer Bryant left the squad car's red and blue emergency lights on.

Upon approaching the Whitehead car, the officers smelled alcohol and saw beer cans in the car. Upon learning that the car's four occupants were all under twenty-one, the officers ordered them out and had them line up along the front bumper of the squad car, directly between the two cars. For the next ten minutes or so, the officers administered coordination tests on each of the four youths and required each to perform a portable breath test. As the offi-

---

1. IND.CODE 34–4–16.5–1 *et seq.*

cers reviewed the results and recorded them in their log sheets, a car travelling in the left-hand lane of U.S. 31 struck the rear portion of the squad car, pushing it into the Whitehead car. Whitehead was pinned between the two cars and suffered a broken leg. Belding was thrown clear, but also suffered injury. Belding, Whitehead, and one other occupant were charged with illegal consumption of alcohol several days later.

Belding and Whitehead filed suit against the Town of Whiteland, alleging its employees negligently left their squad car protruding into the highway while requiring the youths to stand between the two cars. The trial court granted the Town of Whiteland's motion for summary judgment on the ground the Town of Whiteland was immune from liability because its employees were both acting within the scope of their employment and enforcing a law when the accident occurred. Belding and Whitehead appeal.

### DISCUSSION AND DECISION

Summary judgment is appropriate only when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56. The party moving for summary judgment bears the burden of proving the non-existence of a genuine issue of material fact. *Oelling v. Rao* (1992), Ind., 593 N.E.2d 189, 190. Once the movant fulfills this requirement, the burden shifts to the party opposing the motion to set forth specific facts showing the existence of a genuine issue for trial after all. *Id.;* T.R. 56(E).

On appeal from the grant of summary judgment, we face the same issues the trial court faced and we apply the same legal analysis. We are required to scrutinize the trial court's determination carefully in order to assure the non-prevailing party is not improperly denied its day in court. *Oelling, supra,* at 190. We view the evidence and resolve all doubts about the existence of a genuine issue of material fact in

the light most favorable to the non-moving party. "Even if the trial court believes the nonmoving party will not be successful at trial, where material facts conflict or conflicting inferences are possible from undisputed facts, summary judgment should not be entered." *Grimm v. F.D. Borkholder Co., Inc.* (1983), Ind.App., 454 N.E.2d 84, 86. "On appeal, however, the party which lost in the trial court has the burden to persuade the appellate tribunal that the trial court's decision was erroneous." *Oelling, supra,* at 190.

■ A governmental entity or an employee acting in the scope of the employee's employment is not liable if the loss results from enforcement of a law. IND. CODE 34–4–16.5–3(7); *Quakenbush v. Lackey* (1992), Ind.App., 604 N.E.2d 1210, 1214 (Baker, J. concurring). The term "enforcement of a law" includes only a narrow category of activity, however. Specifically, "the activities included within the term 'enforcement of a law' [are] limited to those activities *attendant to effecting the arrest* of those who may have broken the law." *Tittle v. Mahan* (1991), Ind., 582 N.E.2d 796, 801 (emphasis added).[2] Thus, if Officers Bryant and Howell were acting within the scope of their employment and were engaged in activities attendant to effecting an arrest, the Town of Whiteland is immune from liability resulting from the accident.

■ Belding and Whitehead contend that at the moment the accident occurred they had been arrested for several minutes. They concede they had not been told they were under arrest and that they had not been informed of which, if any, charges were being levelled against them, but argue that nevertheless their liberty of movement had been restricted and they were not free to leave. Because the officers had already effected an arrest, they argue, immunity ceased. As support for this proposition they cite *Tittle, supra,* in which the arrestees committed suicide shortly after being jailed.

---

**2.** "Activities attendant to effecting the arrest" is not the only phrase our supreme court has used to describe what it meant by "enforcement of a law." The court has also used the phrases "actual attempts to effect an arrest," "surrounding the effecting of an arrest," and "in the course of apprehending a suspect." *Quakenbush, supra,* at 1214 (Baker, J. concurring). "Activities attendant to effecting an arrest" appears to be the favored phrase, however.

The allegation of negligence in *Tittle* was that the defendants, after transporting the arrestees to jail, failed to forward information relevant to the arrestees' alleged suicidal tendencies, failed to monitor the arrestees while they were in jail, and failed to respond to the arrestees' medical needs. The effecting of the arrests had long since occurred. Although it is true our supreme court held "immunity does not extend past the arrest[,]" *Tittle, supra,* at 801, the court specifically limited its holding to the two cases consolidated in *Tittle* itself. It concluded the jail defendants were not enforcing a law within the meaning of the Tort Claims Act and therefore were not immune from tort liability.

Belding's and Whitehead's case is different from *Tittle,* however, because the negligent act of which they complain—namely, the officers' leaving their squad car protruding into the roadway—occurred before, and not after, both the accident and the arrest, assuming an arrest occurred. Thus, *Tittle*'s "immunity does not extend past the arrest" language seems to have no applicability to their allegation of negligence in parking the squad car.

Even assuming the officers acted negligently *after* effecting the arrests (and also assuming Belding and Whitehead had actually been arrested when the accident occurred, an assumption we find doubtful but will indulge given our standard of review), we are still unconvinced *Tittle* requires a finding of no immunity under the facts of this case. In stark contrast to *Tittle,* if an arrest had been effected here, it occurred just moments before the accident occurred. The two police officers had just administered field tests to determine sobriety and were reviewing the results and recording them onto their log sheets, a standard police procedure. Even if it was negligent to require the youths to stand between the cars after leaving the squad car protruding into the highway's left-hand lane, this particular act was plainly an activity "attendant" to the effecting of an arrest. "Attendant" means "an accompanying thing or circumstance; a consequence or concomitant." AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE 85 (4th printing 1969). Because the officers' allegedly negligent activities were attendant to the effecting of an arrest, the officers were enforcing a law. Because the loss resulted from the enforcement of a law, immunity attaches under the Act.

Alternatively, Belding and Whitehead argue the officers' conduct was so egregious as to remove the cloak of immunity. For support, they cite the following supreme court dicta:

> ... An employee's acts, although committed while engaged in the performance of his duty, might be so outrageous as to be incompatible with the performance of the duty undertaken. In such a case, it cannot be said that an injury resulting therefrom resulted from the performance of the duty. Such acts, whether intentional or willful and wanton, are simply beyond the scope of employment.

*Seymour National Bank v. State* (1981), Ind., *mod. on reh'g,* 428 N.E.2d 203, 204, *appeal dismissed,* 457 U.S. 1127, 102 S.Ct. 2951, 73 L.Ed.2d 1344 (1982). We need not determine whether this passage creates a "gross negligence" or "willful and wanton" exception to tort immunity, however, because even if we assume Officers Bryant and Howell were grossly negligent, their gross negligence was "simply beyond the scope of employment." Belding and Whitehead did not name Officers Bryant and Howell in their complaint; they named only the Town of Whiteland. It is well-established that an employer will not be held responsible for its employees' misconduct occurring outside the scope of the employees' employment. *City of Crawfordsville v. Michael* (1985), Ind.App., 479 N.E.2d 102. If Officers Bryant and Howell acted egregiously, and therefore outside the scope of their employment, they are to be held accountable, not the Town of Whiteland.

The summary judgment in favor of the Town of Whiteland is affirmed.

Affirmed.

ROBERTSON and BARTEAU, JJ., concur.