Shannon L. BELDING, Appellant, (Plaintiff Below)

v.

TOWN OF NEW WHITELAND, Indiana, Appellee. (Defendant Below)

and

Brian K. WHITEHEAD, Appellant, (Plaintiff Below)

v.

TOWN OF NEW WHITELAND, Indiana, Appellee. (Defendant Below)

No. 41S01-9310-CV-1161.

Supreme Court of Indiana.

Oct. 25, 1993.

Mark J. Dove, Rogers & Dove, North Vernon, for appellant.

Dale W. Eikenberry, Wooden McLaughlin & Sterner, Indianapolis, for appellee.

### ON PETITION TO TRANSFER

KRAHULIK, Judge.

Shannon Belding and Brian Whitehead (Plaintiffs–Appellants below) seek transfer

after the Court of Appeals affirmed the entry of summary judgment in favor of the Town of New Whiteland on the basis of immunity pursuant to *Ind. Code Ann.* § 34–4–16.5–3(7) (West Supp.1992). *Belding v. Town of New Whiteland* (1993), Ind. App., 612 N.E.2d 588. We grant transfer and reverse the entry of summary judgment.

On September 28, 1990, at approximately 11 o'clock p.m., New Whiteland police officers Bryant and Howell observed an automobile southbound on U.S. 31 travelling 71 m.p.h. in a 55 m.p.h. zone. Officer Bryant activated the flashing lights of the squad car and signaled the automobile to pull over. Whitehead, the driver of the automobile, steered into a turn-around in the highway median. Officer Bryant stopped the squad car behind Whitehead, with approximately five feet between the bumpers. A portion of the rear of the squad car extended into the traveled portion of the lefthand southbound lane of U.S. 31. The headlights, taillights and flashing lights of the squad car remained operating. The area where the automobile stopped was illuminated with overhead streetlights.

The occupants exited the automobile and field sobriety tests were conducted.[1] While the officers reviewed the results of the tests and Belding and Whitehead stood between the two parked cars, a third vehicle travelling southbound in the left-hand lane of U.S. 31 struck the rear of the police car. The collision caused the police car to jump forward injuring Whitehead and Belding.

Whitehead and Belding sued New Whiteland for negligence on the theory of respondeat superior. New Whiteland moved for summary judgment asserting law enforcement immunity under *Ind. Code* § 34–4–16.5–3(7). That motion was granted and plaintiffs appealed.

The Court of Appeals, following our decision in *Tittle v. Mahan* (1991), Ind., 582 N.E.2d 796, held that because the officers' activities were attendant to the effecting of an arrest, New Whiteland was immune

1. Belding, Whitehead and one other occupant of the automobile, all under the age of twenty-one, were later charged with illegal consumption of alcohol.

from liability for any negligence on the part of the police. 612 N.E.2d at 591. The entry of summary judgment was affirmed, and plaintiffs seek transfer.

 Our decision in *Quakenbush v. Lackey* (1993), Ind., 622 N.E.2d 1284, requires us to grant transfer. In *Quakenbush,* we held that if a plaintiff establishes a private duty owed by the law enforcement defendant or his employer to the plaintiff, then Section 3(7) does not confer immunity. That holding rejects the *dicta* found in this Court's decision in *Tittle,* 582 N.E.2d 796, and the holding in *Seymour National Bank v. State* (1981), Ind., 422 N.E.2d 1223, *modified on reh'g,* 428 N.E.2d 203, *appeal dismissed* 457 U.S. 1127, 102 S.Ct. 2951, 73 L.Ed.2d 1344 (1982). As a result, the questions of (1) whether parking the police vehicle was attendant to effecting the arrest of those who may have broken the law, *Tittle,* 582 N.E.2d at 801, or (2) whether the officers' conduct was so egregious as to remove the cloak of immunity, *Seymour,* 428 N.E.2d at 204, are no longer dispositive of this case.

Instead, the question is whether the New Whiteland police owed a private duty to the plaintiffs to exercise reasonable care in the parking of the police vehicle. The answer to this question is yes. As a general rule, motorists are obligated to exercise reasonable care in parking their vehicle. Although police department vehicles are "authorized emergency vehicles," *Ind.Code Ann.* § 9–13–2–6(1)(B) (West Supp.1992), and the operators of emergency vehicles are, under certain circumstances, exempted from complying with the rules of the road, *Ind.Code Ann.* § 9–21–1–8(a) and (b) (West 1992), operators are not relieved of the duty to drive with due regard for the safety of all persons. *Ind.Code* § 9–21–1–8(d)(1). Accordingly, the officers were obligated to use reasonable care under the circumstances to avoid reasonably-foreseeable injury proximately caused by their parking of the police vehicle. This is a

private duty owed to individuals. Accordingly, Section 3(7) does not provide immunity.

Whether the officer's conduct fell below the level of care that an ordinarily-prudent person would exercise under the same or similar circumstances in parking the police vehicle is a question of fact. Summary judgment is inappropriate in such a circumstance. Ind.Trial Rule 56(C).[2]

### *Conclusion*

Accordingly, we grant transfer, reverse the trial court, vacate the opinion of the Court of Appeals, and remand this case for further proceedings.

DeBRULER and DICKSON, JJ., concur.

SHEPARD, C.J., concurs, with separate opinion.

GIVAN, J., dissents.

SHEPARD, Chief Justice, concurring.

While I did not join the decision today in *Quakenbush v. Lackey* (1993), Ind., 622 N.E.2d 1284, I regard it as settling the issue and will treat *Quakenbush* as stare decisis until such time, if any, as the Indiana General Assembly elects to modify the Indiana Tort Claims Act. Accordingly, I join in the decision in this case and the remaining cases today on authority of *Quakenbush.*

---

**2.** Because plaintiffs named only New Whiteland as a defendant, and not the police officers, plaintiffs must also establish the vicarious liability of the town. In granting the motion for summary judgment, the trial court has already determined as a matter of law that the officers acted within the scope of their employment.