**Carol M. DAHMS, Appellant–Plaintiff,**

v.

**Kurtis HENRY, Schererville Volunteer Fire Department and Town of Schererville, Appellees–Defendants.**

No. 56A03–9302–CV–00034.

Court of Appeals of Indiana,
Third District.

Feb. 14, 1994.

Donald R. Capp, James, James & Manning, P.C., Dyer, for appellant.

David J. Hanson, Kisti Good Risse, Spangler, Jennings, & Dougherty, P.C., Merrillville, for appellee Kurtis Henry.

Steven P. Polick, Rita J. Baldwin, Knight, Hoppe, Fanning & Knight, Ltd., Schererville, for appellees Schererville Volunteer Fire Dept. and Town of Schererville.

HOFFMAN, Judge.

Appellant-plaintiff Carol M. Dahms (Dahms) appeals the entry of summary judgment in favor of appellees-defendants Kurtis Henry (Henry) Schererville Volunteer Fire Department (Fire Department), and Town of Schererville (Town).

The facts relevant to the appeal disclose that on November 23, 1989, Dahms was driving near the home of Henry in Griffith, Indiana. The roads were snow covered, slick and icy. Henry, a volunteer firefighter, received a dispatch to the fire station. When Henry backed out of his driveway, he noticed a car in a ditch to the east of his home. He knew almost immediately that the road conditions were poor.

As Henry was driving at a rate of speed of approximately 25 miles per hour, in his estimation, and between 35 and 40 miles per hour, in Dahms' estimation, he noticed Dahms' vehicle about one-tenth of a mile ahead of him. Because of the road conditions, Dahms' was driving between 3 to 5 miles per hour. Henry began pumping his brakes as he approached Dahms' vehicle. Henry's vehicle was approximately 150 feet behind Dahms' vehicle. Henry was unable to bring his car to a stop. His car collided with Dahms' vehicle pushing a portion of her car into a ditch.

Dahms instituted this action alleging *inter alia* that Henry unreasonably failed to maintain an appropriate rate of speed for the road conditions and failed to maintain a safe distance from Dahms' vehicle which negligently and proximately caused injury to Dahms and that the Fire Department and the Town were also liable on a theory of respondeat superior. The Fire Department, the Town, and Henry sought summary judgment based upon the immunity from liability provisions allowed governmental entities and their employees for losses resulting from the temporary condition of snow and ice on the roadway pursuant to the Tort Claims Act, IND. CODE § 34–4–16.5–3(3) (1988 Ed.). As noted above, the trial court granted summary judgment in favor of the defendants.

The parties to a summary judgment proceeding must expressly designate to the trial court evidentiary matter which supports their respective positions. Summary judgment is appropriate if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Brockmeyer v. Fort Wayne Public Transp.* (1993), Ind.App., 614 N.E.2d 605, 606.

In reviewing a motion for summary judgment, this Court stands in the shoes of the trial court. This Court must liberally construe all designated evidentiary matter in favor of the non-moving party and resolve any doubt against the moving party. Even if it appears that the non-moving party will not succeed at trial, summary judgment is inap-

propriate where material facts conflict or undisputed facts lead to conflicting inferences. *Id.* The existence of a genuine issue of material fact shall not be ground for reversal on appeal unless such fact was designated to the trial court and is included in the record. *Id.* at 606–607.

For summary judgment purposes, the parties agree that Henry was acting within the scope of his capacity as a volunteer firefighter for the Town and that the roads were snow covered, icy and slick. The question becomes whether Henry, the Fire Department and the Town are immune from liability based upon IND.CODE § 34–4–16.5–3(3) (1988 Ed.) which provides:

"A governmental entity or an employee acting within the scope of his employment is not liable if a loss results from: ...

(3) the temporary condition of a public thoroughfare which results from weather[.] ..."

The pertinent inquiry is whether the "loss result[ed] from" the temporary road condition caused by the weather or was proximately caused by Henry's failure to maintain an appropriate speed and distance from Dahms' vehicle under the circumstances, in light of his admission that he knew of the poor road conditions "almost immediately" upon backing out of his driveway.

Dahms contends that the statute does not provide immunity from suit when as here the poor road conditions were known by the governmental employee, and the employee failed to exercise reasonable care. Thus, the temporary condition of the road did not result in the collision. The primary cause of the loss was the negligent act of the employee. To hold otherwise, according to Dahms, the mere fact that roads are snow-covered, icy and slick would allow governmental entities and employees *carte blanche* to act without the reasonable care required under the circumstances. Under Dahms' theory, summary judgment must be reversed inasmuch as genuine issues of material fact exist as to whether Henry was driving too fast to avoid the collision.

The defendants contend that even if Henry had been traveling at a speed of 35 to 40

miles per hour, the ice and snow on the roadway caused the collision. Consequently, the statutory immunity provisions require summary judgment in their favor.

As noted by Dahms, the authority recommended by defendants largely pertains to suits against a governmental entity for its failure to remove snow and ice which allegedly caused the plaintiffs to lose control of their vehicles or slip and fall.

*See Babinchak v. Town of Chesterton* (1992), Ind.App., 598 N.E.2d 1099, 1102 (plaintiff failed to bring forth evidence in summary judgment proceeding to refute governmental entity's claim of immunity for alleged failure to clear dirt and mud covering a cracked sidewalk upon which plaintiff tripped);

*Leinbach v. State* (1992), Ind.App., 587 N.E.2d 733, 735 (plaintiff's decedent died when decedent lost control of vehicle on icy overpass shortly after freezing rain began, State granted summary judgment under IND.CODE § 34–4–16.5–3(3));

*Van Bree v. Harrison County* (1992), Ind.App., 584 N.E.2d 1114, 1117 (judgment on evidence granted as to county's immunity based upon failure to remove snow and ice, and alleged willful, wanton or reckless behavior by county employee which allegedly caused plaintiff to lose control of her car);

and *Mullen v. City of Mishawaka* (1988), Ind.App., 531 N.E.2d 229, 230 (city entitled to immunity based upon evidence that plaintiff lost control of her vehicle on snowy road, also indicating result may have been different had plaintiff presented any evidence of nexus between her accident and allegedly known drainage problem at the site).

Another case contained in Henry's Brief of Appellee, *Handrow v. Cox* (1990), Ind.App., 553 N.E.2d 852, *trans. granted* 575 N.E.2d 611, was vacated by the supreme court and is inapplicable. As noted above, the present situation may be distinguished by Dahms' contention that despite his awareness of the poor road conditions, Henry failed to drive in

a manner reasonably appropriate for the conditions which caused the collision.

Moreover, the Indiana Supreme Court has recently determined that the law enforcement immunity provision contained in the Tort Claims Act, IND.CODE § 34–4–16.5–3(7), will not necessarily shield governmental entities and police officers from liability when a private duty to refrain from engaging in tortious conduct is breached.

> See Kemezy v. Peters (1993), Ind., 622 N.E.2d 1296, 1297 (legislature intended that immunity be conferred "only when the plaintiff seeks recovery for the breach of a public duty, but provides no refuge to governmental entities or their employees for the breach of a private duty");
>
> Fries v. Fincher (1993), Ind., 622 N.E.2d 1294, 1295 (immunity for law enforcement officer discharging public duty to enforce law, but no immunity for breach of private duty "to use ordinary care under the circumstances while traveling on a public roadway");
>
> Belding v. Town of New Whiteland (1993), Ind., 622 N.E.2d 1291, 1293 (no immunity for breach of private duty owed to individuals "to use reasonable care under the circumstances to avoid reasonably-forseeable injury proximately caused by" parking a police vehicle with portion extending into roadway);
>
> Quakenbush v. Lackey (1993), Ind., 622 N.E.2d 1284, 1288–1290 (immunity provision must be strictly construed as derogation of common law, thus, no immunity for breach of private duty when law enforcement officer failed "to exercise reasonable care while driving").

In Quakenbush, the court stated that "[g]ranting immunity to law enforcement officers who fail to exercise reasonable care while driving would sanction negligent and reckless conduct, and result in hardship to the individual injured by the enforcement." 622 N.E.2d at 1290. The court's analysis is equally applicable in the present case where defendants urge a finding of immunity no matter what Henry's conduct.

The evidence in this case discloses that Henry knew of the poor road conditions upon exiting his driveway. Henry saw Dahms' vehicle approximately 150 feet ahead of his car. Dahms' was traveling approximately 5 miles per hour. Henry was traveling approximately 35 miles per hour. It is within the common driver's experience, that a car traveling approximately 30 miles per hour faster than a car immediately ahead, is going to rapidly overtake or collide with that car. Given the poor road conditions known to Henry, genuine issues of material fact exist as to whether Henry's conduct was the proximate cause of the collision.

It is incongruous to allow governmental employees charged with a duty to protect the safety of the public, to ignore their duty to use reasonable care when driving, solely because ice and snow had accumulated on the road.

The grant of summary judgment to defendants is reversed, and the cause is remanded for further proceedings consistent with this decision.

Reversed and remanded.

STATON and BAKER, JJ., concur.