Tara SIMPSON and Jason Simpson, Appellants–Plaintiffs,

v.

OP PROPERTY MANAGEMENT, LLC, West Lake Arms Limited Partnership, Metropolitan School District of Wayne Township, and Barry P. Matesick, Appellees–Defendants.

No. 49A05–1006–CT–355.

Court of Appeals of Indiana.

Dec. 17, 2010.

Marc S. Sedwick, Law Office of Marc S. Sedwick, P.C., Indianapolis, IN, Attorney for Appellant, Tara Simpson.

Shannon L. Robinson, Bloomington, IN, Attorney for Appellees, Metropolitan School District of Wayne Township and Barry Matesick.

## OPINION

CRONE, Judge.

### Case Summary

On a winter morning, Tara Simpson slid down a hill and collided with another vehicle that was turned the wrong way in her lane. While she was still in her car at the scene of the accident, a school bus driven by Barry Matesick, an employee of the Metropolitan School District of Wayne Township ("the School District"), also slid down the hill and collided with Simpson. Simpson sued Matesick and the School District (collectively "Appellees").[1] Appellees moved for summary judgment, arguing that Simpson's notice of tort claim did not properly notify them of her claim that Matesick negligently operated the bus, that they were entitled to sovereign immunity under a provision conferring immunity for losses caused by a temporary weather condition, that there was no evidence that Matesick was negligent, and that even if he was negligent, Simpson was contributorily negligent or incurred the risk. We conclude that Simpson's notice of tort claim was sufficient and that Appellees are not entitled to immunity. Further, we conclude that there are genuine issues of material fact as to whether Appellees were negligent and whether Simpson was contributorily negligent or incurred the risk.

Therefore, we reverse and remand for further proceedings.

### Facts and Procedural History

On the morning of February 20, 2008, Simpson was driving on West Lake North Drive toward the exit of her apartment complex. There is a steep decline near the exit, and as Simpson began driving downhill, she saw that there was a car turned the wrong way in her lane. Simpson was unable to stop and slid into the other car. Simpson rolled down her window and began talking to the other driver. She initially was going to stay put while waiting for the police to arrive, but then she decided to move her car. However, at that moment, a school bus came over the hill and slid into her car. Two more cars came over the hill and collided with Simpson's vehicle.

Matesick was the driver of the school bus. Matesick had been driving on Beachway Drive, and he stopped at the intersection with West Lake North Drive. He could not see the first accident because a concrete barrier was blocking his view. Matesick could not see Simpson's vehicle until he had turned onto West Lake North Drive. In an attempt to avoid Simpson's vehicle, Matesick steered the bus into the median, where it stopped momentarily. Matesick checked to see if the students were hurt and radioed the school. Then, the bus started moving again because of "gravity," and it slid into Simpson's car. Appellant's App. at 98.

On May 7, 2008, Simpson sent a notice of tort claim to the School District and

---

1. Simpson also sued West Lake Arms Limited Partnership and OP Property Management, LLC, but those parties are not involved in this appeal. Simpson's husband, Jason Simpson, was a plaintiff in this case, but he was dismissed by stipulation of the parties and also is not involved in this appeal. All parties have been named in the caption regardless of their participation in this appeal because a party of record in the trial court is a party on appeal. Ind. Appellate Rule 17(A).

other governmental entities. The notice referenced the police report from the accident, which was appended to the notice. The allegations relevant to the School District were that it was negligent "in failing to properly hire school bus drivers" and "in failing to properly train and teach school bus drivers proper procedures for preventing accidents." *Id.* at 109.

Simpson later filed suit against the School District and Matesick, among other parties. She alleged that Matesick negligently operated the school bus and that the School District was "independently and vicariously liable for Defendant, Barry Matesick's, negligence as described in this Complaint." *Id.* at 63. The School District and Matesick filed a motion for summary judgment, which the trial court granted on May 26, 2010. Simpson now appeals.

### Discussion and Decision

■ Our standard of review of a summary judgment is well settled:

When determining the propriety of an order granting summary judgment, we use the same standard of review as the trial court. Summary judgment is appropriate only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. The party moving for summary judgment has the burden of making a prima facie showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Once the moving party meets these two requirements, the burden shifts to the non-moving party to show the existence of a genuine issue of material fact by setting forth specifically designated facts. We must accept as true those facts alleged by the nonmoving party, construe the evidence in favor of the nonmoving party, and resolve all doubts against the moving party.

*Ryan v. Brown,* 827 N.E.2d 112, 116–17 (Ind.Ct.App.2005) (quotation marks and citations omitted). "A negligence action is rarely an appropriate case for disposal by summary judgment." *Miller v. Monsanto Co.,* 626 N.E.2d 538, 541 (Ind.Ct.App. 1993).

Appellees argued that they were entitled to summary judgment for the following reasons: (1) Simpson's notice of tort claim was insufficient; (2) Appellees have sovereign immunity; (3) the designated evidence does not demonstrate that Matesick was negligent; and (4) even if Matesick was negligent, Simpson either assumed the risk or was contributorily negligent. The trial court did not state its reason for granting summary judgment for Appellees. However, we may affirm on any basis supported by the designated evidence. *Merrill v. Knauf Fiber Glass GmbH,* 771 N.E.2d 1258, 1264 (Ind.Ct.App.2002), *trans. denied.* Therefore, we will examine each of the reasons advanced by Appellees in turn.

### I. Tort Notice

■ Claims against school corporations and their employees are subject to the notice provisions of the Indiana Tort Claims Act ("ITCA"). *Meury v. Eagle–Union Cmty. Sch. Corp.,* 714 N.E.2d 233, 241 (Ind.Ct.App.1999), *trans. denied.* Indiana Code Section 34–13–3–10 provides:

The notice ... must describe in a short and plain statement the facts on which the claim is based. The statement must include the circumstances which brought about the loss, the extent of the loss, the time and place the loss occurred, the names of all persons involved if known, the amount of the damages sought, and the residence of the person making the claim at the time of the loss and at the time of filing the notice.

"The question of compliance is not a question of fact, but rather a procedural precedent which the plaintiff must prove and which the trial court must determine prior to trial." *Madden v. Erie Ins. Grp.*, 634 N.E.2d 791, 793 (Ind.Ct.App.1994). Because the ITCA notice requirements are in derogation of the common law, they are to be strictly construed against limitations on a claimant's right to bring suit. *Collier v. Prater*, 544 N.E.2d 497, 498 (Ind.1989).

Appellees do not argue that the factual content of Simpson's notice was deficient in any way. Instead, they argue that she presented a different claim in her complaint than in her tort notice. Simpson's notice of tort claim alleged that the School District was negligent "in failing to properly hire school bus drivers" and "in failing to properly train and teach school bus drivers proper procedures for preventing accidents." Appellant's App. at 109. Her complaint alleged that Matesick negligently operated the school bus and that the School District was "independently and vicariously liable for Defendant, Barry Matesick's, negligence as described in this Complaint." *Id.* at 63. Appellees argue that Simpson notified them only of a claim based on negligent hiring and training, whereas her complaint alleged that the School District was vicariously liable for Matesick's negligence and did not explicitly mention negligent hiring or training.

While Simpson's notice and complaint could have been more clearly drafted, we are not persuaded that Simpson's notice was inadequate. Simpson's claim that the School District negligently hired and trained Matesick by implication indicates that she was claiming that Matesick's conduct was wrongful. We are hard pressed to see how the School District could be negligent by hiring and training a bus driver who had done nothing wrong. Simpson's complaint clearly states a claim for the School District's vicarious liability, but also alleges that the School District is independently liable, which is easily understood as a reference to her claims in the tort notice that the School District negligently hired and trained Matesick.

We have held that entirely new claims may not be raised in a complaint if not mentioned in the tort notice. *See Boushehry v. City of Indianapolis*, 931 N.E.2d 892, 896–97 (Ind.Ct.App.2010) (plaintiff developer could not bring a claim relating to the disputed ownership of a sewer line based on a tort notice that referred only to a stop-work order that had been issued because of an unlicensed electrician); *Hedges v. Rawley*, 419 N.E.2d 224, 227 (Ind.Ct.App.1981) (plaintiffs' filing of a union grievance may have notified the city of a labor dispute, but was not proper notice for their slander claim). Simpson, however, alleged negligence, and only negligence, in both her notice and her complaint, and her various theories of liability all stemmed from the same set of facts. Appellees have not directed us to any decisions that would support their claim that Simpson's notice was deficient. In light of our rule that the notice requirements are to be strictly construed against limiting the claimant's right to sue, we conclude that Simpson's notice was adequate.

## II. *Immunity*

■ Appellees argue that they have immunity pursuant to Indiana Code Section 34–13–3–3(3), which provides that a governmental entity or employee acting within the scope of employment is not liable if a loss results from the "temporary condition of a public thoroughfare ... that results from weather."

Whether an immunity applies is a matter of law for the courts to decide. The party seeking immunity bears the burden of establishing the immunity. If the facts allow multiple reasonable conclu-

sions as to an element triggering the immunity, then the governmental unit has failed to establish its immunity.

*Gary Cmty. Sch. Corp. v. Roach–Walker,* 917 N.E.2d 1224, 1226 (Ind.2009) (citations omitted).

In *Dahms v. Henry,* a volunteer fire fighter, Kurtis Henry, received a dispatch to the fire station. 629 N.E.2d 249 (Ind. Ct.App.1994). When Henry backed out of his driveway, he noticed a car in a ditch near his home, and he realized almost immediately that the road conditions were poor. Henry came up behind Carol Dahms's vehicle, which was traveling at a lower rate of speed, and he was unable to slow down enough to avoid hitting Dahms. Dahms sued Henry, the fire department, and the Town of Schererville, and the defendants claimed sovereign immunity pursuant to a predecessor of Indiana Code Section 34–13–3–3(3).[2] We concluded that they were not entitled to immunity:

> The pertinent inquiry is whether the "loss result[ed] from" the temporary road condition caused by the weather or was proximately caused by Henry's failure to maintain an appropriate speed and distance from Dahms' vehicle under the circumstances, in light of his admission that he knew of the poor road conditions "almost immediately" upon backing out of his driveway.

> Dahms contends that the statute does not provide immunity from suit when as here the poor road conditions were known by the governmental employee, and the employee failed to exercise reasonable care. Thus, the temporary condition of the road did not result in the collision. The primary cause of the loss was the negligent act of the employee. To hold otherwise, according to Dahms,

the mere fact that roads are snow-covered, icy and slick would allow governmental entities and employees *carte blanche* to act without the reasonable care required under the circumstances.

*Dahms,* 629 N.E.2d at 251.

■ Appellees argue that *Dahms* is distinguishable because Matesick did not admit that he realized that the road slick, but rather was unaware that the road was icy until he started down the hill where the accident occurred. However, in *Dahms,* we called into doubt whether Indiana Code Section 34–13–3–3(3) could ever be applied in a scenario where the government employee or entity being sued is not charged with the responsibility of keeping a roadway clear. We noted that all other cases discussing that subsection have involved "suits against a governmental entity for its failure to remove snow and ice which allegedly caused the plaintiffs to lose control of their vehicles or slip and fall." *Dahms,* 629 N.E.2d at 251 (listing cases). We further stated that "governmental employees charged with a duty to protect the safety of the public" should not be allowed "to ignore their duty to use reasonable care when driving, solely because ice and snow had accumulated on the road." *Id.* at 252.

Recently, our supreme court clarified that a weather condition is "temporary" in the meaning of Indiana Code Section 34–13–3–3(3) if the governmental entity has not had a reasonable opportunity to remedy the conditions caused by the weather. *Roach–Walker,* 917 N.E.2d at 1228. This test appears to presuppose that this subsection applies only to a situation where the governmental entity being sued had a responsibility to maintain the roadway;

---

**2.** At the time that *Dahms* was decided, this provision was codified as Indiana Code Section 34–4–16.5–3(3).

whether someone had the opportunity to clear the incline where Matesick lost control of the bus has no bearing on the propriety of his actions. Therefore, we conclude that Appellees are not entitled to immunity.

### III. Negligence

■■ ■ "To prevail on a theory of negligence, a plaintiff must prove: (1) that the defendant owed plaintiff a duty; (2) that it breached the duty; and (3) that plaintiff's injury was proximately caused by the breach." *Illinois Bulk Carrier, Inc. v. Jackson*, 908 N.E.2d 248, 253 (Ind.Ct.App. 2009), *trans. denied.* Appellees contend that the designated evidence does not raise a genuine issue of material fact as to breach or causation.

In his deposition, Matesick stated that when he pulled up to the intersection of Beachway Drive and West Lake North Drive, a concrete barrier was blocking his view to the right. He stated that the road was clear to the right as far as he could see, but he could not see all the way to the exit. During his deposition, Matesick apparently indicated on a photograph where he was when he could first see Simpson's vehicle, but the record before us does not clearly indicate how much time Matesick had to avoid the accident. Simpson also argues that Matesick was negligent by not alerting her in some way, such as honking the horn, that he was not in control of the bus.

In addition, Simpson argues that Matesick, who was familiar with the apartment complex, should have used the other exit. A jury could reasonably conclude that Matesick should have known not to operate a bus on a steep incline on a snowy day, especially when an alternate route is available. Although Matesick claimed that the roads were not slick until he got to the hill where the accident occurred, a jury might reasonably discredit that testimony in light of his admission that there was snow on the ground and that his route was taking longer that morning because of the weather. Thus, we conclude that there is a genuine issue of material fact as to whether Matesick's conduct was negligent. Furthermore, because we cannot say how, if at all, Matesick's conduct was negligent, we also cannot rule out the possibility that the School District was negligent in training and hiring him.

### IV. Contributory Negligence and Incurred Risk

■■■■ Appellees argue that even if they were negligent, Simpson was contributorily negligent or incurred the risk and therefore is not entitled to recovery. The law of contributory negligence applies in actions against governmental entities and their agents. *Nesvig v. Town of Porter*, 668 N.E.2d 1276, 1280 (Ind.Ct.App.1996).

> Contributory negligence is the failure of a person to exercise for his own safety that degree of care and caution which an ordinary, reasonable, and prudent person in a similar situation would exercise. The issue of contributory negligence is generally a question of fact for the jury unless the facts are undisputed and only a single inference can be drawn therefrom.

*Id.* at 1280–81 (citations omitted). Any contributory negligence on Simpson's part, however slight, will completely bar her recovery. *Carter v. Indianapolis Power & Light Co.*, 837 N.E.2d 509, 523 (Ind.Ct. App.2005), *trans. denied.*

■■■■ Incurred risk is also a defense to negligence, separate and distinct from contributory negligence. *Power v. Brodie*, 460 N.E.2d 1241, 1242 (Ind.Ct.App.1984).

> [Incurred risk] involves a mental state of venturousness on the part of the actor, and demands a subjective analysis into the actor's actual knowledge and volun-

tary acceptance of the risk. "By definition ... the very essence of incurred risk is the conscious, deliberate and intentional embarkation upon a course of conduct with knowledge of the circumstances...." "It requires much more than the general awareness of a potential for mishap. Incurred risk contemplates acceptance of a specific risk of which the plaintiff has actual knowledge." While the failure to recognize a danger or risk readily discernible to the reasonable and prudent man under like or similar circumstances may constitute contributory negligence, it cannot be said to constitute incurred risk....

*Id.* at 1243 (citations and emphasis omitted). "Incurred risk can be found as a matter of law only if the evidence is without conflict and the sole inference to be drawn is that the plaintiff knew and appreciated the danger caused by the defendant's negligence, but nevertheless accepted it voluntarily." *Ferguson v. Modern Farm Sys., Inc.,* 555 N.E.2d 1379, 1381 (Ind.Ct.App.1990), *trans. denied.*

Appellees argue that if Matesick negligently operated the bus, then Simpson was also negligent because "she did exactly the same thing that [Matesick] did in this case.... Both Simpson and [Matesick] proceeded down the hill and slid and ultimately struck a vehicle which had previously slid down the hill." Appellees's Br. at 21. This argument, however, presupposes that a bus and a car handle the same way and that the drivers had the same visibility. In addition, it ignores Simpson's contention that Matesick should have alerted her to the fact that he had lost control of the bus.

Appellees also argue that the fact that Simpson left her car at the scene of the first accident instead of moving it constitutes contributory negligence or incurred risk. After the first accident, Simpson spoke to the other driver to determine whether he was injured. It is not clear how much time she had after speaking to the other driver to move her car. The reasonableness of her decision to initially stay put while assessing the situation and awaiting the police is an issue of fact for the jury to determine. Therefore, we cannot say as a matter of law that Simpson was contributorily negligent or incurred the risk.

### Conclusion

Simpson's notice of tort claim was sufficient, and Appellees are not entitled to immunity. There are genuine issues of material fact as to whether Appellees were negligent and whether Simpson was contributorily negligent or incurred the risk. Therefore, summary judgment for Appellees was improper, and we reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.

KIRSCH, J., and BRADFORD, J., concur.